PEOPLE *v.* MEADOWS

PEOPLE *v.* COLLERAN

1. SEARCHES AND SEIZURES — PLAIN VIEW DOCTRINE — EVIDENCE — ADMISSIBILITY.

  Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.

2. WEAPONS — CARRYING UNLICENSED PISTOL — AUTOMOBILES — SUFFICIENCY OF EVIDENCE.

  Evidence that the defendant, who was the driver of an automobile, was carrying fifteen rounds of .38 caliber ammunition is sufficient to support an inference that he had knowledge of the presence of a .38 caliber pistol in the automobile and is sufficient to sustain his conviction of carrying an unlicensed pistol in an automobile (MCLA § 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Searches and Seizures §§ 11, 12.
[2, 3] 56 Am Jur, Weapons and Firearms §§ 9–14.
  Offense of carrying concealed weapon as affected by manner of carrying or place of concealment.  43 ALR2d 492.
[3] Fact that gun was unloaded as affecting criminal responsibility. 79 ALR2d 1412.
[4] 39 Am Jur, New Trial §§ 159, 165.

3. Weapons — Carrying Unlicensed Pistol—Automobiles — Instructions to Jury.

Trial court properly declined to instruct the jury that it is not a violation of the statute which prohibits the concealed carrying of an unlicensed pistol in an automobile for a person to be carrying an unloaded pistol in a wrapper or container from the place of purchase to his home where the pistol was found loaded and uncased (MCLA §§ 750.227, 750.231[2]).

4. Criminal Law — New Trial — Newly Discovered Evidence — Discretion.

Trial court in a criminal case did not abuse its discretion in denying a new trial where the court could reasonably conclude from the affidavits in support of defendant's motion that the evidence was not newly discovered or that it would not have rendered a different result probable on retrial.

Appeal from Wayne, George P. Martin, J. Submitted Division 1 June 15, 1970, at Detroit. (Docket Nos. 7,632, 8,892.) Decided September 30, 1970. Leave to appeal denied as to Meadows January 13, 1971. 384 Mich 796.

Charles Wilbur Meadows, III, and Michael J. Colleran were convicted of carrying an unlicensed pistol in an automobile. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl M. Riseman,* for defendant Charles Wilbur Meadows, III.

Michael J. Colleran, *in propria persona.*

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

J. H. GILLIS, J.  On October 8, 1968, defendants
Charles Meadows and Michael Colleran were tried
by a jury and convicted of carrying an unlicensed
pistol in an automobile, MCLA § 750.227 (Stat Ann
1962 Rev § 28.424).  On appeal, defendants allege
an illegal search and seizure, insufficient evidence
to support the conviction, and trial error.

The testimony at trial showed that defendant
Meadows was driving a black 1965 Ford station
wagon in the early morning of June 28, 1968.  Co-
defendant Colleran was a passenger.  A police offi-
cer testified that he had been instructed to be on the
alert for such a vehicle, bearing two men fitting the
description of the defendants.  Except for the fact
that the car in question had Michigan license plates,
whereas the wanted car was said to have had Ohio
license plates, the car and its occupants matched
the description of the "radio alert".

The officer followed the car, pulled along side, and
shined a light on its occupants.  The car then sped
off, struck a guardrail, and, as the car rolled for-
ward, the defendants ran away.  Police officers gave
chase and arrested them immediately.  A search
of defendant Meadows disclosed 15 rounds of .38-
caliber ammunition.

After Meadows and Colleran were taken away,
one police officer entered the car to drive it to the
police station.  In so doing, he found a loaded .38-
caliber pistol stuck in the armrest on the passenger
side of the car.  The officer's testimony was to the
effect that the pistol was not concealed from view.

The defendants' claim that the pistol was illegally
seized is without merit.  In *Harris* v. *United States*
(1968), 390 US 234, 236 (88 S Ct 992, 19 L Ed 2d
1067, 1069), the United States Supreme Court noted

"It has long been settled that objects falling in
the plain view of an officer who has a right to be

in the position to have that view are subject to seizure and may be introduced in evidence."

This is the so-called "plain view doctrine" which has been repeatedly applied by Michigan Courts. *People* v. *Tetts* (1967), 6 Mich App 254; *People* v. *McDonald* (1968), 13 Mich App 226; *People* v. *Tisi* (1969), 16 Mich App 316. There was no error in admitting the pistol in evidence.

There was sufficient evidence introduced at trial to support the verdicts. *People* v. *Jerome I. Smith* (1970), 21 Mich App 717. The statute dealt with does not require that the arrest be simultaneous with the operation of the vehicle or the carrying of the weapon. *People* v. *Moceri* (1940), 294 Mich 483. The fact that defendant Meadows was carrying 15 rounds of .38 caliber ammunition supports an inference that he had knowledge of the presence of the pistol.

Defendants' request that the trial judge charge the jury that in order to support the conviction the defendants must have been found to have exercised some control or possession over the weapon was granted in accordance with *People* v. *Smith, supra.* The trial judge properly declined to instruct the jury relative to the application of MCLA § 750.231 (a) (Stat Ann 1970 Cum Supp § 28.428 [1]), excluding from this offense a person carrying an unloaded pistol in a wrapper or container from the place of purchase to his home, because here the pistol was found loaded and uncased.

Defendant Meadows' claim that he has newly discovered evidence sufficient to warrant a new trial is equally without merit. On the affidavits submitted in support of his motion for new trial, the trial judge could have reasonably concluded that the evidence was not newly discovered or that such evidence would not have rendered a different result

probable upon retrial. *People* v. *Paugh* (1949), 324 Mich 108; *People* v. *Bauman* (1952), 332 Mich 198; *People* v. *Keiswetter* (1967), 7 Mich App 334. Under these circumstances the trial court did not err in denying defendant Meadows motion for new trial. *Cf. People* v. *Higginbotham* (1970), 21 Mich App 489.

Affirmed.

All concurred.