PEOPLE v. HOOD

1. WITNESSES—CRIMINAL LAW—CONTRADICTION OF WITNESS.

The prosecution may introduce a witness who directly contradicts an earlier prosecution witness as to a question of material fact.

2. WITNESSES—CRIMINAL LAW—PROSECUTION WITNESSES—IMPEACHMENT—STATUTES.

The prosecution may impeach witnesses whom they are obliged by law to call (MCLA 767.40[a]).

3. WITNESSES—CRIMINAL LAW—CONTRADICTION OF WITNESS.

The prosecutor may introduce a witness to testify that defendant had a gun after another prosecution witness in a prosecution for carrying a concealed weapon testified he did not see defendant with a gun.

4. WITNESSES—CRIMINAL LAW—CONFUSED TESTIMONY.

Failure to exclude confused testimony of a prosecution witness was not error where there was other testimony from which an inference could properly be drawn about the same fact on which she was confused.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 9735.)   Decided November 24, 1971.

Anderson Hood was convicted of carrying a concealed weapon.  Defendant appeals.  Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*,

REFERENCE FOR POINTS IN HEADNOTES
[1-4]  58 Am Jur, Witnesses § 798 *et seq.*

Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*John T. Connolly,* for defendant on appeal.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

Per Curiam. After a jury trial in the Circuit Court of Genesee County, the defendant was convicted of carrying a concealed weapon in violation of MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

The defendant makes two assignments of error, the first of which is that the trial judge committed reversible error in allowing the testimony of Mrs. Mary Dawson to go to the jury.

On October 8, 1969, the defendant was arrested by an officer of the Flint Police Department. While searching the defendant, the officer found three .38-caliber bullets. The officer then made a search of the automobile and found a .38-caliber revolver. In the automobile at this time were two passengers, Mr. Hollis Scott and Mrs. Mary Dawson.

During the trial, Mr. Scott was called by the prosecution and testified that on the evening of the defendant's arrest, he had not seen the defendant in possession of the pistol. Mrs. Dawson was then called, but her testimony was to the effect that she had seen the defendant with the pistol. The defense then objected that the state was trying to impeach the testimony of its own witness, to wit: Hollis Scott.

The evidence elicited from Mrs. Dawson was not impeachment evidence, but was merely contradictory testimony of a material fact, and as such was properly admissible. *People* v. *Lee* (1943), 307 Mich 743. Even assuming it was impeachment testimony, the

prosecution was fully entitled to introduce such testimony according to MCLA § 767.40a (Stat Ann 1954 Rev § 28.980[1]) which provides:

"Witnesses whom the people are obliged by law to call as *res gestae* witnesses may be impeached the same as though such witnesses had been called by the respondent."

The defendant also feels that the testimony of Mrs. Dawson should have been excluded on the grounds that upon cross-examination the witness became confused and either could not or would not give positive answers to defense counsel's questions. The witness also could not positively identify the pistol found by the police officer as the same one she had seen the defendant with earlier in the evening. This, though, she did not have to do, as there was other testimony offered from which this inference could properly be drawn.

The second assignment of error by the defendant is that the state did not produce sufficient evidence upon which a verdict could be based, and that the trial court should have granted the defense motion for a directed verdict. After careful review of the record, we conclude that there is enough credible evidence which if believed would justify reasonable men to conclude that all the elements of the crime were established beyond a reasonable doubt. *People v. Belcher* (1971), 29 Mich App 341.

Affirmed.