## PEOPLE v LITTLE

1. Weapons—Carrying Dangerous Weapons—Prosecutors—Vehicles—Common Enterprise—Participation—Possession.

   The prosecution need not show physical possession of the weapon by each defendant in order to convict multiple defendants of carrying a dangerous weapon in a vehicle where it is proved that carrying the weapon in the vehicle was within the scope of a common unlawful enterprise participated in by all defendants, and that each defendant occupied the vehicle, and that each knew of the presence of the weapon in the vehicle; participation in a common enterprise imputes to each member participation in carrying the weapons used to further its cause.

2. Weapons—Carrying Dangerous Weapons—Vehicles—Inferences—Common Enterprise.

   An inference of participation in a common unlawful enterprise which is drawn from another inference that defendant knew of the presence of weapons in the vehicle in which he was riding is impermissible as an inference on an inference; but where the inference of participation is independent of the inference of knowledge and each is based upon an independent source, then both may be allowed.

3. Criminal Law—Prosecutors—Identification—Suggestive Statements.

   Statements made by the prosecutor concerning the in-court identification of defendants by a witness, which are unduly suggestive and therefore improper, do not constitute reversible error where the finder of fact explicitly relies upon an identification by a second witness which was untainted by the prior error.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 October 15, 1974, at Lansing. (Docket No. 18562.) Decided January 27, 1975.

References for Points in Headnotes
[1,2] 56 Am Jur, Weapons § 9 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 334, 341, 452.

Lloyd L. Little was convicted of carrying a dangerous weapon in a vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*William Waterman & Associates,* for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

BEBEAU, J. The defendant, Lloyd L. Little, was found guilty in a bench trial of the felony of carrying a dangerous weapon, to wit, a 20-gauge shotgun, in a vehicle. MCLA 750.227; MSA 28.424.

At approximately 8:10 p.m. on August 3, 1972, two plainclothes officers of the Pontiac police department responded to an anonymous tip that a group of armed men had gathered near the corner of Douglas and Mechanic Streets, in front of an apartment in the City of Pontiac. As the officers approached the corner on Mechanic Street from the east, they saw a Ford Mustang parked on the south side of the street facing them. As they drove by, three or four men exited the car. The officers continued past the car and turned around some distance away. As they turned, an Oldsmobile pulled up behind the Mustang and then four or five men got out of it. At this point two uniformed officers arrived. None of the four officers could positively state that he saw defendant Little exit either car, but the officers testified that, except for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

one woman, no one entered or left the area around the two cars.

One of the officers recognized one of the men, Charles Cummings, as being wanted on an outstanding felony warrant. As Cummings was being arrested, the other eight men were told to line up and put their hands on the cars where they were standing. Defendant Little was standing next to the Oldsmobile, and he was searched. An officer testified he saw five people exit the Oldsmobile when he approached the vehicle and he took down their names.

After Cummings was arrested, the officers observed a loaded sawed-off shotgun lying on the rear seat of the Mustang. Later another loaded sawed-off shotgun was also found in the Mustang. One of the officers then saw through the Oldsmobile window a 20-gauge shotgun which had its stock on the floor board and its barrel pointed toward the ceiling. The gun was not loaded, but slugs and shells were found lying next to it in the seat and on the dashboard. All three guns were removed and the remaining eight men were arrested for carrying a dangerous weapon in an automobile.

Eight of the nine codefendants waived a jury trial and were tried and convicted. Defendant appeals as of right.

The statute under which the defendant was charged and convicted reads in pertinent part: "Any person who shall carry a * * * dangerous weapon * * * in any vehicle operated or occupied by him * * * shall be guilty of a felony." MCLA 750.227; MSA 28.424. Defendant argues on appeal that insufficient evidence was produced at trial to establish the element of carrying beyond a reasonable doubt.

After hearing the evidence, the trial court found that the defendant had occupied one of the automobiles and that he knew of the presence of the weapon in that vehicle. The testimony of the police that the defendant was among the group of men who got out of the cars and that no outsider had entered that group does establish that the defendant must have occupied one of the cars. Furthermore, the open display of weapons in the cars gives rise to an almost compelling inference that the defendant knew of their presence. The defendant argues, however, that no direct evidence was presented to show that he actually carried any of the weapons, and that if the finding of carrying was based on his knowledge of the existence of the weapons, that it was impermissible as an inference built on an inference.

In order to convict under this statute, the prosecution must show that the defendant occupied a vehicle and that he knew of the presence of a weapon in that vehicle. *People v Smith,* 49 Mich App 630; 212 NW2d 768 (1973); *People v Meadows,* 26 Mich App 675; 182 NW2d 721 (1970).

Because of the absence of direct evidence of the actual and sole physical custody in the defendant, he says his conviction should be reversed. He may have some support in a dissenting opinion of this Court in *Smith, supra,* for that claim. This theory would permit the carrying in a vehicle of five guns on the floor of a vehicle occupied by four passengers and a driver, none of whom had the weapons strapped to their bodies or in their hands.

The prosecution need not show physical possession of the weapons in order to convict. It is sufficient to show that carrying the weapon in the vehicle was within the scope of a common unlawful enterprise participated in by all defendants.

*People v Pearce,* 20 Mich App 289; 174 NW2d 19 (1969). Participation in the common enterprise imputes to each member participation in carrying weapons used to further its cause. The trial court found such an enterprise. We quote from the court's opinion:

"The inferences as to evidence of common participation are drawn from the following facts: one, we had groups of men in each car; two, although they were not all dressed alike, they were dressed somewhat similarly. They were approximately the same age. There were guns in each car. There was ammunition in each car. There was some evidence that some of them knew each other. There was conversation about the vehicle. Some of them were clustered in discussion. The cars were in conjunction with one another. The court believes that from the evidence it can infer that there was common participation in the acts of carrying these weapons."

We find that the record supports the facts found by the trial judge and the inference drawn from them.

The defendant contends that the inference of his participation is drawn from the inference that he knew of the presence of the guns. If this were true, the conclusion that he carried the guns would be impermissible as an "inference on an inference". *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974); *People v Petro,* 342 Mich 299, 307–308; 70 NW2d 69, 70 (1955). Most courts subscribe to the view that guns are frequently used to commit crimes and to effectuate escape.

The inference of participation is independent of the inference of knowledge; however, the former is based upon the facts found by the judge in the excerpt quoted above. The latter derives from an independent source, the open way in which the

guns were carried. Thus, there was no inference based upon an inference.

Finally, defendant objects to a statement by the prosecutor to one of the witnesses. During the examination of one of the police officers, the prosecutor asked him if he saw any of the men in the courtroom that he had seen on the evening in question. He then stated:

"Walk anywhere you want to in the courtroom. The defendants ordinarily at a trial sit at the counsel table.

"I can represent to this officer, your Honor, that the defendants other than defendant Cummings, are in the courtroom."

The trial court sustained defense counsel's objection to the prosecutor's remark. While we do not wish to support prosecutorial conduct of this type, we do not find that it prejudiced the defendant's case sufficiently to require reversal. The other officer made a positive in-court identification of the defendant untainted by the prior error. The court explicitly relied upon the second officer's testimony as to identity. Thus, the error cannot be said to have affected the judgment of the finder-of-fact.

Affirmed.