**UNITED STATES of America**

v.

**Theodore BRANT and John E. Levrio.**

**Crim. A. No. 77–261.**

United States District Court,
W. D. Pennsylvania.

April 11, 1978.

Richard H. Galloway, Greensburg, Pa., for defendant Brant.

James Villanova, Pittsburgh, Pa., for defendant Levrio.

Thomas Crawford, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

## MEMORANDUM ORDER

WEBER, Chief Judge.

The motions of Defendants Brant and Levrio for suppression of evidence with respect to the non-jury trial on the severed firearms charges were denied orally at the time sentence was imposed on Defendant Brant on March 22, 1978. In order to articulate the rulings of the Court on the suppression issue and on the issue of the criminal responsibility of Brant for Levrio's illegal possession of a firearm during the commission of a felony, this memorandum is filed.

Both Brant and Levrio have moved to suppress the evidence of the discovery of a pistol under the seat of Levrio's van by federal agents. The federal agents were inspired to search the van at the time of the defendants' arrest after noticing through one of the van's windows a rifle in plain view. The presence of this rifle in the van and that of an obviously hostile Doberman Pinscher watch dog indicated that Levrio had taken defensive precautions. Accordingly, the action of federal agents in searching under the driver's seat was a reasonable exercise of precaution for their own personal safety and was proper under the circumstances of this case.

The second issue raised is whether Brant is liable as a co-conspirator for Levrio's act of carrying a firearm during the

commission of a felony under 18 U.S.C. § 924(c). Levrio's possession of firearms while consummating a narcotics transaction violates federal law and is a felony. Brant is liable as Levrio's co-conspirator for all acts done by Levrio in furtherance of the basic purpose of the conspiracy, *United States v. Bridgeman*, 173 U.S.App.D.C. 150, 523 F.2d 1099 (1975); *United States v. Gomez*, 529 F.2d 412 (5th Cir. 1976); *United States v. Boyance*, 329 F.2d 372 (3rd Cir. 1964). Liability for the actions of co-conspirators done in furtherance of the conspiracy attaches even if he had no knowledge that Levrio would bring guns with him. It cannot be denied that the possession of firearms at a narcotics transaction increases the probability of the transaction's success and, thus, is an act in furtherance of the conspiracy.

Brant's counsel seeks to distinguish his case from the general rule cited above on the grounds that Levrio's guns were not directly used in the narcotics transaction. That Levrio did not have an opportunity to use his guns does not exonerate either Brant or Levrio for Levrio's action in bringing them to the place of the deal.

*So ordered,* this 11th day of April 1978.