PEOPLE v HARRIS

PEOPLE v BUCHANAN

Docket Nos. 77-4874, 77-4937. Submitted November 9, 1978, at Detroit.—Decided January 23, 1979. Leave to appeal applied for.

Defendants, Curtis Harris and Ulysses Buchanan, were convicted, on their pleas of nolo contendere, of armed robbery and felony-firearm in the Recorder's Court of Detroit, Samuel H. Olsen, J. Defendants appeal, raising several issues. *Held:*

1. The felony-firearm statute is an act complete within itself, and as such it does not violate the constitutional proscription against revision of a statute by reference to its title only.

2. Both the Michigan and Federal constitutions have been consistently held to prohibit not only multiple prosecutions for the same offense but also multiple punishments; conviction of both felony-firearm and armed robbery violates the constitutional prohibitions against double jeopardy.

Affirmed as to the armed robbery conviction, reversed as to the felony-firearm conviction and sentence modified.

ALLEN, P.J., dissented. He would hold that, while the conviction of felony-firearm is inoperable, that portion of the statute which sets forth an additional mandatory term of imprisonment for the conviction of the underlying felony when a firearm is used in its perpetration or attempted perpetration is valid and the sentence should be affirmed.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW — CRIMINAL LAW — STATUTES — FELONY-FIREARM — TITLE-OBJECT CLAUSE.

The felony-firearm statute is an act complete within itself, and as

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 137.

[2] 21 Am Jur 2d, Criminal Law § 166.

Limitations under double jeopardy clause of Fifth Amendment upon state criminal prosecutions—Supreme Court cases. 25 L Ed 2d 968.

[3] 21 Am Jur 2d, Criminal Law § 182.

[4] 21 Am Jur 2d, Criminal Law §§ 188, 546.

such it does not violate the constitutional proscription against revision of a statute by reference to its title only (Const 1963, art 4, § 25, MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY
   CLAUSE — MULTIPLE PROSECUTIONS — MULTIPLE PUNISHMENTS.
   Both the Michigan and Federal constitutions have been consistently held to prohibit not only multiple prosecutions for the same offense but also multiple punishments (US Const, Am V, Const 1963, art I, § 15).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY —
   ARMED ROBBERY — FELONY-FIREARM.
   A double conviction and a double punishment based upon the same occurrence violates the constitutional prohibitions against double jeopardy; conviction of both felony-firearm and armed robbery violates the constitutional prohibitions against double jeopardy (US Const, Am V, Const 1963, art I, § 15).

DISSENT BY ALLEN, P.J.

4. CRIMINAL LAW — FELONY-FIREARM — SEPARATE OFFENSES — ADDI-
   TIONAL SENTENCE — STATUTE.
   *The portion of the felony-firearm statute which creates a separate offense is inoperable, but that portion of the statute which sets forth an additional mandatory term of imprisonment for the conviction for an underlying felony when a firearm is used in its perpetration or attempted perpetration is valid (MCL 750.227[b]; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Bruce R. Saperstein,* for defendants.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

J. E. TOWNSEND, J. Defendants appeal from their convictions on pleas of nolo contendere to armed robbery, MCL 750.529; MSA 28.797, and felony firearm, MCL 750.227b; MSA 28.424(2), violations.

On January 24, 1977, defendants and another person took the pants and a wallet from a man at an apartment located on East Jefferson in Detroit. Neither defendant remembered a weapon and each denied that they carried one. The complaining witness testified that Buchanan had a gun.

Defendants raise five issues on appeal.

I.

Does the felony-firearm statute violate the constitutional prohibition against revising, altering or amending other statutes by reference to title only?

This issue has been decided contrary to defendants' claim in numerous recent cases, e.g. *People v Walter Johnson,* 85 Mich App 654, 660; 272 NW2d 605 (1978); *People v Gary Hughes,* 85 Mich App 674, 680-681; 272 NW2d 567 (1978).

II.

Does the felony-firearm statute violate the constitutional prohibition against double jeopardy?

The felony-firearm statute, MCL 750.227b; MSA 28.424(2) provides in part as follows:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony * * * is guilty of a felony * * *. Upon a second conviction under this section * * *. Upon a third or subsequent conviction under this section * * *."

The above language is language commonly used to create a separate felony offense. Such statute is

clear and not ambiguous on its face and by its terms does create a separate felony offense. A single conviction under the felony firearms statute is valid and enforceable. There being no ambiguity and no patent invalidity, no interpretation is necessary or permissible. *People v Carey,* 382 Mich 285, 292-293; 170 NW2d 145 (1969).

A·double jeopardy problem arises only when a person is convicted *both* of the underlying felony and felony-firearm. By definition, the underlying felony is a necessarily included offense of the felony-firearm offense. One cannot be convicted both of the greater offense and of a necessarily included offense arising out of the same facts. The landmark United States Supreme Court case adopting such principle is *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), repeatedly cited in later United States Supreme Court cases including *Simpson v United States,* 435 US 6, 11; 98 S Ct 909; 55 L Ed 2d 70 (1978). Such principle likewise has been adopted by the Supreme Court of the State of Michigan in the case of *People v Martin,* 398 Mich 303, 309; 247 NW2d 303 (1976) and *People v Stewart (On Rehearing),* 400 Mich 540, 548-549; 256 NW2d 31 (1977), as well as by other panels of the Michigan Court of Appeals. We cite with approval the case of *Wayne County Prosecutor v Recorders Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978).

Upon the same principle, one cannot be convicted of first-degree murder and second-degree murder based on the same occurrence and victim, or of armed robbery and unarmed robbery, based on the same occurrence and victim, or of felony murder and first-degree murder *(People v Hall,* 83 Mich App 632, 637-638; 269 NW2d 476 [1978]). The statute in question in this case is no more invalid

than the statutes which create the above-mentioned offenses. However, application of such statute to accomplish a double conviction and a double punishment based upon the same occurrence violates constitutional prohibitions against double jeopardy.

Only one of the two convictions must fall. We reverse the felony-firearm conviction. The armed robbery conviction and sentence are affirmed.

## III.

Did the trial judge fail to obtain a sufficient factual basis for defendant Harris's plea to felony-firearm?

Because we reversed the felony firearm conviction based upon Issue II, we need not address Issue III.

## IV.

Did the trial judge fail to state his reasons for believing that the interests of defendants and the proper administration of justice permitted acceptance of the nolo pleas?

A careful review of the transcript convinces us that the court properly met the requirements of GCR 785.7(3)(b)(i), that he state on the record "why a plea of nolo contendere is appropriate" and had appropriate, adequate reason to accept the nolo contendere pleas of defendants. Such defendants were either unable or unwilling to relate the details of the crime. *People v Seaman,* 75 Mich App 546, 550; 255 NW2d 680 (1977); *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975).

## V.

Did the trial judge improperly fail to obtain updated presentence reports for the defendants?

Defendants were in confinement during the 6-1/2 month period in question. Defense counsel offered no additions to the original presentence reports. Updating such reports would have been a mere formality. *People v Potts,* 46 Mich App 538, 547-548; 208 NW2d 583 (1973).

The felony-firearm conviction is reversed and sentence modified. The armed robbery conviction and sentence are affirmed.

R. M. MAHER, J., concurred.

ALLEN, P.J., *(dissenting).* I agree with the majority opinion as to all issues except issue II. For the reasons stated in *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978), and further stated in *People v Burton,* 87 Mich App 598; 274 NW2d 849 (1978), I disagree that the sentence should be reversed. Those opinions found that the felony-firearm statute sets forth a mandatory minimum term of incarceration for the underlying offense of armed robbery. So construed, the conviction for the felony-firearm offense becomes inoperable but the conviction for armed robbery and the total sentence imposed should be affirmed.