PEOPLE v ATKINS

Docket No. 78-1063. Submitted September 4, 1979, at Grand Rapids.—
Decided November 6, 1979.

Gordon Atkins was convicted, on his plea of guilty, of armed
robbery and of possession of a firearm in the commission of a
felony, Kent Circuit Court, John T. Letts, J. Defendant appeals,
challenging the constitutionality of the felony-firearm statute
and alleging that his conviction of the felony-firearm violation
as an aider and abettor was improper. *Held:*

1. The felony-firearm statute does not violate the constitu-
tional guarantee against double jeopardy.

2. A defendant may be convicted as an aider and abettor of a
possessory crime such as felony-firearm where it can be shown
that the defendant knowingly acted or encouraged, with the
intent to aid, the possessor to obtain or retain possession of the
firearm during the commission of a felony.

3. The defendant, in his guilty plea, provided a sufficient
factual basis to establish that he knowingly acted and encour-
aged his companions to obtain possession of a firearm and that
he assisted and encouraged them to use the firearm during the
commission of a felony.

Affirmed.

T. M. Burns, J., dissented. He would hold that the felony-
firearm statute requires that a defendant personally carry or
possess a firearm in order to be found guilty of a violation of
the statute and that the defendant should not have been
convicted of violating the felony-firearm statute as an aider and
abettor.

Opinion of the Court

1. Criminal Law — Felony-Firearm — Aiding and Abetting —
Statutes.

The felony-firearm statute does not require proof of a defendant's

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 119-124.
[3] 21 Am Jur 2d, Criminal Law § 17.
   73 Am Jur 2d, Statutes §§ 274-276.
[4] 79 Am Jur 2d, Weapons and Firearms § 9.

personal possession of a firearm used in the commission of a felony; however, in order for an accused to be convicted as an aider and abettor of this possessory crime, it must be shown that he knowingly acted or encouraged, with the intent to aid, the possessor to obtain, retain possession of, or use the firearm during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — AIDING AND ABETTING — PRESENCE AT SCENE OF CRIME.

An accused, in order to be convicted as an aider and abettor, need not be present at the scene of the crime; however, it is necessary to establish a sufficient factual basis to show that the accused procured, counseled, aided or abetted in the commission of the offense.

DISSENT BY T. M. BURNS, J.

3. CRIMINAL LAW — STATUTES — STRICT CONSTRUCTION.

*Statutes that define criminal acts must be strictly construed.*

4. CRIMINAL LAW — FELONY-FIREARM — POSSESSION OF FIREARM — STATUTES.

*A defendant must personally carry or have in his possession a firearm during the commission of a felony in order to be found guilty under the felony-firearm statute (MCL 750.227b[1]; MSA 28.424[2][1]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. On December 7, 1977, defendant pled guilty to robbery armed, contrary to MCL 750.529; MSA 28.797, and possession of a firearm in the commission thereof, contrary to MCL 750.227b; MSA 28.424(2). On January 23, 1978, he

was sentenced to prison for 7-1/2 to 20 years for the robbery charge and to a mandatory two years consecutive imprisonment on the felony-firearm charge. Two issues are raised on appeal.

First, defendant claims that the felony-firearm statute is unconstitutional on grounds of double jeopardy. This claim was rejected by the Michigan Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). We likewise reject the contention here.

The second issue raised by defendant-appellant questions whether he, as an aider and abettor, can be convicted under the felony-firearm statute where there is no indication that defendant personally carried, or had in his possession, a firearm at the time of the robbery. There is a difference of opinion in this Court on this issue. Compare *People v Walter Johnson,* 85 Mich App 654, 658; 272 NW2d 605 (1978), and *People v Powell,* 90 Mich App 273, 274-5; 282 NW2d 803 (1979), with *People v Walter Johnson, supra* at 672-673 (KAUFMAN, J., dissenting), *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), *People v Powell, supra* at 275-276 (CYNAR, J., dissenting). Careful reading of *People v Tavolacci, supra,* and the relevant portions of Judge KAUFMAN's dissenting opinion in *People v Walter Johnson, supra,* persuades us that MCL 750.227b; MSA 28.424(2) does not require proof of personal possession of the firearm when used in the commission of a felony. See *United States v James,* 528 F2d 999, 1015 (CA 5, 1976), *reh den* 532 F2d 1054 (1976), *cf., United States v Brant,* 448 F Supp 781 (WD Pa, 1978), *United States v Giannoni,* 472 F2d 136 (CA 9, 1973), *cert den,* 411 US 935; 93 S Ct 1911; 36 L Ed 2d 396 (1973).

However, in order that an accused may be con-

victed as an aider and abettor of a possessory crime such as felony-firearm, it must be shown that he knowingly acted or encouraged, with the intent to aid, the possessor to obtain or retain possession of or to use the firearm during the course of a felony. *People v Doemer,* 35 Mich App 149; 192 NW2d 330; 47 ALR3d 1236 (1971), and see, *People v Pearce,* 20 Mich App 289; 174 NW2d 19 (1969), *People v Little,* 58 Mich App 12; 226 NW2d 735 (1975).

Therefore, the question still remains whether defendant supplied a sufficient factual basis for the felony-firearm plea. GCR 1963, 785.7(3)(a). Although it is clear that the accused, as an aider and abettor, need not be present at the scene of the crime, it is necessary that a sufficient factual basis be provided to show that he procured, counseled, aided or abetted in the commission of the possessory offense. *People v Tavolacci, supra,* at 475. Thus, while we affirm defendant's conviction on the armed robbery charge, *People v Sharp,* 57 Mich App 624; 226 NW2d 590 (1975), *People v Spry,* 74 Mich App 584, 595; 254 NW2d 782 (1977), it is necessary to examine the record of defendant's guilty plea in order to determine if there was a sufficient factual basis provided for defendant's conviction as an aider and abettor to "felony-firearm". We find that there is.

Defendant admitted driving the stolen automobile used to transport him and his cohorts to a house where they all broke and entered, taking four guns, including a shotgun. Defendant and his companions subsequently used these guns to rob three business establishments. However, during the particular robbery for which defendant pled guilty, he did not enter the food store, but instead waited outside in the car. Despite his lack of

personal, physical possession of the shotgun used to rob this establishment, defendant admits that he knew that his companions went into the store with a shotgun in order to rob someone. Moreover, the proceeds of the robbery were equally divided among defendant and his companions. This evidence is sufficient to establish that defendant knowingly acted and encouraged his companions to obtain possession of a firearm and that he assisted and encouraged them to use the firearm during the commission of a felony.

Affirmed.

T. M. Burns, J. *(dissenting).* The operable language of the felony-firearm statute states that a person "who carries or has in his possession" a firearm at the time that he commits or attempts to commit a felony is guilty of a felony. MCL 750.227b(1); MSA 28.424(2)(1). Statutes that define criminal acts must be strictly construed. *People v Hall,* 391 Mich 175, 189; 215 NW2d 166 (1974). Therefore, I concur in the opinions of this Court in *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), which held that the felony-firearm statute requires that a defendant *personally* carry or have in his possession a firearm in order to be found guilty thereunder. I would hold that defendant cannot be convicted of violating the felony-firearm statute as an aider and abettor.