PEOPLE v BYNUM

Docket Nos. 78-4649, 78-4650. Submitted September 4, 1979, at Grand
    Rapids.—Decided November 7, 1979.

Frederick Bynum was convicted, on his pleas of guilty, of break-
    ing and entering an automobile with intent to commit larceny
    over the value of $5 and of robbery armed and possession of a
    firearm during the commission of a felony, Recorder's Court of
    Detroit, Samuel C. Gardner, J. The defendant appeals from
    each conviction. The appeals were consolidated for review.
    Defendant contends that his plea was not made freely, volun-
    tarily and understandingly, that the felony-firearm statute is
    unconstitutional and that he should not have been convicted as
    an aider and abettor because he did not have personal posses-
    sion of a firearm. *Held:*

    1. The trial judge fully complied with the court rule require-
    ments in accepting defendant's plea.

    2. The felony-firearm statute does not violate the constitu-
    tional proscription against revision of a statute by reference to
    its title only.

    3. A defendant may be convicted of both armed robbery and
    of felony-firearm without double jeopardy violation because
    each statute requires legal proof of a fact which the other does
    not.

    4. Personal possession of the firearm used in an armed
    robbery is not necessary for a conviction as an aider and
    abettor in the commission of the crime.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 486.
    Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.
[2] 73 Am Jur 2d, Statutes §§ 137, 140.
[3] 21 Am Jur 2d, Criminal Law § 189.
[4, 7] 79 Am Jur 2d, Weapons and Firearms § 13.
    Statutory presumption of possession of weapon by occupants of
    place or vehicle where it was found. 87 ALR3d 949.
[5] 21 Am Jur 2d, Criminal Law § 119.
[6, 7] 21 Am Jur 2d, Criminal Law §§ 118-123.
[8] 73 Am Jur 2d, Statutes §§ 274-276.

T. M. Burns, J., dissents. He would hold that penal statutes should be strictly construed. The felony-firearm statute provides that a person "who carries or has in his possession a firearm at the time he commits or attempts a felony" is guilty of a felony; therefore, an aider and abettor in an armed robbery, who was not armed, may not be convicted of violation of the felony-firearm statute.

### Opinion of the Court

1. Criminal Law — Pleas of Guilty — Acceptance of Plea — Appeal and Error — Court Rules.

   A guilty plea conviction should not be set aside as improperly taken where the plea acceptance record reflects that the plea was freely, voluntarily and understandingly made and that the trial judge accepted the plea after full compliance with the court rule (GCR 1963, 785.7).

2. Constitutional Law — Criminal Law — Statutes — Felony-Firearm — Title-Object Clause.

   The felony-firearm statute is an act complete within itself, and as such it does not violate the constitutional proscription against revision of a statute by reference to its title only (Const 1963, art 4, § 25, MCL 750.227b; MSA 28.424[2]).

3. Criminal Law — Double Jeopardy — Firearms — Armed Robbery — Felony-Firearm — Statutes.

   Convicting a defendant of armed robbery and of carrying or possessing a firearm during the armed robbery does not violate the rule against double punishment; each of the statutes legally requires proof of a fact which the other does not (MCL 750.227b, 750.529; MSA 28.424[2], 28.797).

4. Criminal Law — Felony-Firearm — Firearms — Personal Possession — Statutes.

   The felony-firearm statute does not require proof of personal possession of a firearm when the firearm is used in the commission of a felony (MCL 750.227b; MSA 28.424[2]).

5. Criminal Law — Weapons — Felony-Firearm — Common Enterprise — Aiding and Abetting.

   An accused may be convicted as an aider and abettor of a possessory crime such as felony-firearm where it is shown that he knowingly acted or encouraged, with intent to aid, the possessor to obtain or retain possession of or to use the firearm during the course of a felony.

6. CRIMINAL LAW — WEAPONS — COMMON ENTERPRISE — CRIMINAL PARTICIPATION — INFERENCES — EVIDENCE — AIDING AND ABETTING.

Evidence is sufficient to give rise to an inculpatory inference that a defendant knew his companion was armed with a firearm during the commission of a felony where the defendant took a ring and a watch from the complainant while his codefendant held the gun; defendant's participation in the armed robbery was sufficient encouragement and assistance in the commission of the crime to constitute aiding and abetting.

DISSENT BY T. M. BURNS, J.

7. CRIMINAL LAW — STATUTES — FELONY-FIREARM — WEAPONS — ARMED ROBBERY — AIDERS AND ABETTORS.

The felony-firearm statute requires a defendant to carry or have in his possession a firearm at the time he commits or attempts to commit a felony; an aider and abettor in an armed robbery, who was not armed, may not be convicted of violation of the felony-firearm statute (MCL 750.227b; MSA 28.424[2]).

8. CRIMINAL LAW — STATUTES — FELONY-FIREARM — WEAPONS — AIDERS AND ABETTORS — PENAL STATUTES — STRICT CONSTRUCTION.

The unique nature of the felony-firearm statute and the distinct social harm that it was intended to prevent requires strict statutory construction; the statute provides that a defendant personally carry or have in his possession a firearm in order to be guilty thereunder; judicial expansion, to include aiders and abettors who do not carry or have firearms in their possession, goes beyond the scope and plain meaning of the statute and should not be made without clear legislative directive.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Rosenberg, Hartsook & Spuhler,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and T. M. BURNS, JJ.

Per Curiam. On August 29, 1978, defendant pled guilty to breaking and entering an automobile with the intent to commit larceny over the value of $5, contrary to MCL 750.356a; MSA 28.588(1), robbery armed, contrary to MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, contrary to MCL 750.227b; MSA 28.424(2). On September 7, 1978, he was sentenced to concurrent terms of five years imprisonment on the breaking and entering charge and the robbery charge, and to a two-year consecutive sentence on the felony-firearm charge. Four issues are raised on appeal.

First, defendant contends that the trial court erred by failing to comply with GCR 1963, 785.7, because the court failed to ascertain that the plea was made freely, voluntarily and understandingly. We disagree. The record clearly reflects that the trial judge accepted defendant's guilty plea after full compliance with GCR 1963, 785.7, as applied by our Supreme Court in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Second, defendant contends that his felony-firearm conviction must be vacated because it is based upon a statute that is unconstitutional on the ground that it improperly amends existing law by implication. Const 1963, art 4, § 25. This Court has consistently rejected such a contention, and we do so here. *People v Walter Johnson,* 85 Mich App 654, 659-660; 272 NW2d 605 (1978), *People v Gary Hughes,* 85 Mich App 674, 680-681; 272 NW2d 567 (1978), *People v Blount,* 87 Mich App 501, 504-505; 275 NW2d 21 (1978), *People v Harris,* 88 Mich App 280, 282; 276 NW2d 582 (1979), *People v Tavolacci,* 88 Mich App 470, 472; 276 NW2d 919 (1979), *Wayne County Prosecutor v Recorder's Court Judge,* 92 Mich App 119; 284 NW2d 507 (1979).

Third, defendant claims that the felony-firearm statute is unconstitutional because it violates his right against double jeopardy. This claim has been rejected by the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Finally, defendant argues that he may not be convicted as an aider and abettor of felony-firearm, since the requisite element of personal possession of a firearm by the defendant is missing. This Court has considered the issue, and there is a difference of opinion. Compare, *People v Walter Johnson,* 85 Mich App 654, 658; 272 NW2d 605 (1978), and *People v Powell,* 90 Mich App 273, 274-75; 282 NW2d 803 (1979), with, *People v Walter Johnson, supra,* at 672-673 (KAUFMAN, J., dissenting), *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), *People v Powell, supra,* at 275-276 (CYNAR, J., dissenting). However, careful reading of *People v Tavolacci, supra,* and the relevant portions of Judge KAUFMAN's dissenting opinion in *People v Walter Johnson, supra,* persuades us that MCL 750.227b; MSA 28.424(2) does not require proof of personal possession of the firearm when used in the commission of a felony. See *United States v James,* 528 F2d 999, 1015 (CA 5, 1976), *reh den,* 532 F2d 1054 (1976), *People v James Napoleon Taylor* (Docket No. 77-1734, decided February 10, 1978 [unreported]), *cf. United States v Brant,* 448 F Supp 781 (WD Pa, 1978), *United States v Giannoni,* 472 F2d 136 (CA 9, 1973), *cert den,* 411 US 935; 93 S Ct 1911; 36 L Ed 2d 396 (1973).

However, in order that an accused may be convicted as an aider and abettor of a possessory crime such as felony-firearm, it must be shown that he knowingly acted or encouraged, with the

intent to aid, the possessor to obtain or retain possession of, or to use the firearm during the course of a felony. *People v Doemer,* 35 Mich App 149; 192 NW2d 330; 47 ALR3d 1236 (1971), and see, *People v Pearce,* 20 Mich App 289; 174 NW2d 19 (1969), *People v Little,* 58 Mich App 12; 226 NW2d 735 (1975).

Therefore, the question still remains whether defendant supplied a sufficient factual basis for the felony-firearm plea. GCR 1963, 785.7(3)(a). The record of defendant's plea indicates that defendant actively participated in the armed robbery by taking a ring and a watch from the complainant while his codefendant held the gun. This evidence is sufficient to give rise to the inculpatory inference that defendant knew his companion was armed with a firearm during the commission of a felony. Defendant's participation in the armed robbery is sufficient encouragement and assistance in the commission of the crime to constitute "aiding and abetting".

Affirmed.


T. M. BURNS, J. *(dissenting).* I dissent and would hold that defendant cannot be convicted of violating the felony-firearm statute as an aider and abettor. The pertinent language of that statute provides that a person "who carries or has in his possession a firearm at the time he commits or attempts a felony" is guilty of a felony. MCL 750.227b(1); MSA 28.424(2)(1). I concur in the opinion of this Court in *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), which held that this statute requires that a defendant personally carry or have in his possession a firearm in order to be guilty thereunder. This

conclusion comports with and follows from the
well-recognized rule of statutory construction that
criminal statutes must be strictly construed. *People
v Hall,* 391 Mich 175, 189; 215 NW2d 166
(1974). Given the unique nature of the felony-fire-
arm statute and the distinct social harm that it
was intended to prevent, we should not expand its
scope beyond the plain meaning of its words with-
out clear legislative directive.