PEOPLE v STONE

Docket No. 47529. Submitted May 8, 1980, at Detroit.—Decided July 30, 1980.

Defendant, Gerald Stone, appeals from his conviction in the Recorder's Court of Detroit of attempted carrying a pistol in a motor vehicle, George W. Crockett, III, J. Defendant entered a plea of guilty and stated that he knew there was a pistol in the motor vehicle in which he was a passenger. The issue on appeal is whether the factual basis elicited at the plea-taking proceeding was sufficient to support the plea. *Held:*

Defendant offered no indication that he was participating or had agreed to participate in an unlawful enterprise. There was no testimony that defendant was found to be in close proximity to the gun, nor was there any evidence that ammunition for the gun was found on the defendant. Defendant merely showed that he was in a car with knowledge of the presence of a gun. Whether he gained this knowledge before or after the other occupant of the vehicle pulled out the gun is not clear. The record is inadequate to support defendant's guilty plea.

Reversed and remanded with instructions.

1. WEAPONS — AUTOMOBILES — FELONY — STATUTES.

A person who shall carry a pistol in a vehicle operated or occupied by him without a license to carry the pistol as provided by law shall be guilty of a felony (MCL 750.227; MSA 28.424).

2. WEAPONS — CONCEALED WEAPONS — AUTOMOBILES — INFERENCES — STATUTES.

The concealed weapons statute does not automatically punish a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 79 Am Jur 2d, Weapons and Firearms §§ 12, 13.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.
[3] 79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.
[4] 79 Am Jur 2d, Weapons and Firearms § 9.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.

person's presence in a car where a pistol is found because the thrust of the statute is to punish the "carrying" of a concealed weapon without a license; a conviction of one who is merely present in a car necessarily rests upon two inferences: (a) an inference that he knows a pistol is present, and (b) an inference that he is "carrying" the pistol; therefore, a person's mere knowledge that a pistol is present should not automatically lead to a conclusion that he was "carrying" the pistol (MCL 750.227; MSA 28.424).

3. WEAPONS — CONCEALED WEAPONS — WORDS AND PHRASES — INFERENCES.

"Carrying" is a separate and distinct element of the crime of carrying a concealed weapon; participation in the act of carrying may be inferred from the fact that a defendant was found to be carrying ammunition usable in the gun in question, from the defendant's close proximity to the weapon, or from the fact that the defendant and others were engaged in a common, unlawful enterprise and the gun was being carried in furtherance thereof.

4. WEAPONS — CONCEALED WEAPONS — BURDEN OF PROOF.

The trier of fact must find beyond a reasonable doubt that a defendant knew of the presence of a pistol and that he participated in the act of carrying the pistol before the defendant can be convicted of carrying a concealed weapon.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: BEASLEY, P.J., and M. F. CAVANAGH and W. A. PORTER,* JJ.

PER CURIAM. The defendant appeals as of right from his plea-based conviction on August 2, 1979,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for attempted carrying a pistol in a motor vehicle, in violation of MCL 750.92; MSA 28.287 and MCL 750.227; MSA 28.424. He was sentenced on August 13, 1979, to 6 months to 2-1/2 years imprisonment, with credit for 33 days served.

The single issue raised in this appeal is whether a sufficient factual basis was elicited at the plea-taking proceeding, pursuant to GCR 1963, 785.7(3)(a).

In support of his plea, defendant stated:

"I was walking down Cass and between Canfield and Willis, and one co-defendant [*sic*] in the matter rode by and picked me up and asked if I would ride with him to pick up his sister. I told him yes. While I am in the motor vehicle he goes and tells me about the conflict his sister had with this guy, you know. So I rode, and when we got to the place where you just named this guy come up, and I let his sister in the car, and then the co-defendant [*sic*] comes out from under the seat with a pistol and pulls it on the guy, and he ran and told the police. When we saw him talking to the police we made a U-turn and started fleeing from him, and consequently we were arrested.

"Q Did you have a gun?
"A No.
"Q Did you know the pistol was in the motor vehicle?
"A Yes."

The concealed weapons statute provides, in pertinent part:

"A person who shall carry a pistol * * * in a vehicle operated by or occupied by him, * * * without a license to carry the pistol as provided by law * * * shall be guilty of a felony."

In *People v Jerome I Smith,* 21 Mich App 717, 722; 176 NW2d 430 (1970), this Court defined

"carrying" as it applies to the offense of carrying a weapon in an automobile:

> "The concealed weapons statute does not punish presence in a car where a pistol is found. The statute's thrust is 'carrying concealed weapons without a license'. In other words, the point of the statute is to punish 'carrying'. Thus, to convict one who is merely present in a car necessarily rests upon two inferences: (a) an inference that he knows a pistol is present; and (b) an inference that he is carrying the pistol. Therefore, even by showing that someone knew a pistol was present should not lead *automatically* to a conclusion that he was 'carrying' the pistol."

The Court later explained:

> "In its ordinary meaning, there must be evidence of participation in the act of carrying in order to convict under the statute." *People v Jerome I Smith, supra,* 723.

The *Jerome Smith* case was cited for the proposition that "carrying" is a separate element in *People v Threlkeld,* 47 Mich App 691, 697; 209 NW2d 852 (1973), and in *People v Meadows,* 26 Mich App 675, 678; 182 NW2d 721 (1970). Similarly, "carrying" was recognized as a distinct element of the crime in *People v Blalock,* 44 Mich App 336, 337; 205 NW2d 185 (1973).

Participation in the act of carrying may be inferred from the fact that a defendant was found to be carrying ammunition usable in the gun in question, *People v Meadows, supra, People v Hood,* 37 Mich App 195, 197; 194 NW2d 472 (1971); from the defendant's close proximity to the weapon, *People v Sims,* 23 Mich App 194; 178 NW2d 667 (1970); or from the fact that the defendant and others were engaged in a common, unlawful enter-

prise and the gun was being carried in furtherance thereof. *People v Little,* 58 Mich App 12, 15; 226 NW2d 735 (1975), *People v Pearce,* 20 Mich App 289, 292; 174 NW2d 19 (1969).

Other panels of this Court have found sufficient evidence to sustain a conviction without discussing any facts that would tend to establish the element of "carrying". In *People v Kremko,* 52 Mich App 565, 574-575; 218 NW2d 112 (1974), one panel of this Court indicated that where testimony showed a shotgun and pistol were found in a car occupied by the defendant, which was parked at the side of a street with its motor running, sufficient proof of "carrying" was established. In that case, however, additional proof was presented that the defendants were engaged in a common, unlawful enterprise.

The standard criminal jury instructions reflect the requirement that "carrying" must be established. CJI 11:1:01 states, in part, that in order to convict, a jury "must find beyond a reasonable doubt that the defendant knew of the presence of the pistol and that he participating in the act of carrying the pistol".

In examining whether the trial court abused its discretion in finding sufficient evidence to bind over a defendant on a concealed weapons charge, one panel of this Court was divided on what evidence was necessary to support the element of carrying. In *People v Robert Smith,* 49 Mich App 630; 212 NW2d 768 (1973), *rev'd on other grounds* 393 Mich 432; 225 NW2d 165 (1975), the majority noted that the standard for sufficiency of evidence to bind over is lower than that for sufficiency of evidence to convict, then found no abuse of discretion when a passenger in the third seat of a van was bound over for trial on a showing that an M1 rifle was found under the second seat and ammu-

nition was found in the front seat. Judge, now Justice, LEVIN dissented, finding insufficient evidence of carrying. Judge LEVIN noted that "[t]he majority apparently agree that the evidence is insufficient to convict * * * but hold that it is adequate to support the binding-over decision". *People v Robert Smith, supra,* 639. He reasoned that mere presence is insufficient to support an inference of participation in a crime, noting that the inference of guilty participation cannot be drawn from mere association among persons. *People v Robert Smith, supra,* 638.

The *Robert Smith* decision on sufficiency of evidence to bind over was cited to support the sufficiency of evidence necessary to convict in *People v Little, supra.* In the *Little* case, however, there was evidence of a common, unlawful enterprise, so an inference of carrying was permissible.

In the instant case, the defendant offered no indication that he was participating or had agreed to participate in an unlawful enterprise. There was no testimony that defendant was found to be in close proximity to the gun, nor was there any evidence that ammunition for the gun was found on the defendant. Defendant merely showed that he was in a car with knowledge of the presence of a gun. Whether he gained this knowledge before or after the codefendant pulled out the gun is not clear. The record is inadequate to support his guilty plea.

Failure to establish the element of carrying requires remand. On remand, the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish the missing element, the judgment of

conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7, *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

Reversed and remanded.