[Crim. No. 5061.   Second Dist., Div. Two.   Dec. 11, 1953.]

THE PEOPLE, Respondent, v. GORDON BRUCE HEN-
    DERSON et al., Defendants; JOSEPH   EDWARD
    DOMINGO, Appellant.

Minsky & Garber for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Wood-
ard, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating sec-
tion 11500 of the Health and Safety Code, unlawfully possess-
ing a preparation of heroin) after trial before the court with-
out a jury, defendant appeals.

*Facts*: Officer Arrendondo of the Los Angeles City Police
Department, assigned to the narcotic division, observed de-
fendant and his codefendant Henderson sitting in an auto-
mobile talking to an unknown individual at the corner of
Temple and Figueroa Streets.   Defendant was in the driver's
seat.   The unknown person stuck his head in the window
on the passenger's side, left, then came back to the car and

after a brief period walked away, whereupon defendant drove his automobile west on Temple Street to the 1000 block on North Hoover, where they were stopped by the officer and placed under arrest. At such time defendant was driving the car. Officer Arrendondo in approaching defendant's car observed a package drop from Mr. Henderson's hands to his lap where it was picked up by the officer. It was sealed and booked with the police property clerk. Thereafter the package was examined by a chemist who testified that the contents consisted of a narcotic known as heroin.

After defendant's arrest, in the presence of his codefendant, two investigators from the district attorney's office and Officer Walker, Officer Arrendondo asked him what he was doing around Temple and Figueroa Streets. Defendant replied that he had taken his friend down there to "score for a cap."[1] When asked what he meant by that, he stated he took his friend down there to "score for a capsule of H." He was then asked if he was going to split the capsule with Mr. Henderson, and he said he did not know. The statements of defendant were freely and voluntarily made.

Defendant contends that there was no substantial evidence to sustain the conviction because (a) there is no evidence that defendant knew that his codefendant had heroin in the package which Mr. Henderson held in his lap, and (b) defendant never had the capsule of heroin in his possession.

(a) This proposition is devoid of merit. Defendant's admission to the police officers that he had taken his friend down to Temple and Figueroa Streets for the purpose of obtaining heroin, and that he did not know whether or not he was going to split the capsule with Mr. Henderson, was substantial evidence to sustain the trial court's implied finding that defendant knew the package which Mr. Henderson had contained heroin.

(b) This argument is devoid of merit for the reason that defendant was found guilty on the theory he was aiding and abetting his codefendant in the commission of a crime. Therefore pursuant to the provisions of section 31 of the Penal Code[2] defendant, as an aider and abettor, was a prin-

---

[1] In the vernacular of the underworld, the term "score" means to purchase or buy, while "cap" refers to a capsule of heroin.

[2] Section 31, Penal Code, reads: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its

cipal in the crime which was committed. (*People* v. *Bigelow,* 104 Cal.App.2d 380, 389 [11] et seq. [231 P.2d 881].) In the present case under defendant's admission he clearly aided and abetted his codefendant in obtaining and possessing the capsule of heroin. Therefore he was properly found guilty as a principal. (*Cf. People* v. *Borrego,* 211 Cal. 759, 764 [297 P. 17].)

*People* v. *Sinclair,* 129 Cal.App. 320 [19 P.2d 23], relied on by defendant, does not support his thesis, for the court said at page 322, ". . . [Defendant] argues that it is necessary to show that the person accused has the unlawful article on his person, but he has called our attention to no case so holding; and manifestly such is not the law, because if it were it would exclude entirely from the operation of the statute cases of joint possession or possession by carrying the illegal article in an automobile or other conveyance or keeping it in some place under the immediate and exclusive control of the accused."

It is thus apparent that the court held diametrically opposite to plaintiff's contention.

*Willsman* v. *United States,* 286 F. 852, is likewise inapplicable to the facts of the present case. Such case does not stand for the proposition that one may not aid and abet in the possession of narcotics, but merely that defendant in such case was only a go-between in effecting an illegal sale, and there was a total absence of any evidence that he aided or abetted in the commission of the crime. (*Cf. United States* v. *Cohen,* 124 F.2d 164, 165.)

The record being free from error the judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

---

commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threat, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed."