PEOPLE *v.* DOEMER

1. CRIMINAL LAW—POSSESSION.
   Possession, in criminal law, is an act, not a crime of status.

2. CRIMINAL LAW—POSSESSION—AIDING AND ABETTING—PRESENCE.
   More than mere presence is necessary to constitute aiding and
   abetting illegal possession.

3. CRIMINAL LAW—NARCOTICS—POSSESSION—AIDING AND ABETTING.
   A defendant in order to be guilty of aiding and abetting illegal
   possession of narcotics must have had criminal intent and must
   have done direct or indirect acts or given encouragement which
   aided in the perpetration of the crime; the act or encourage-
   ment must have been knowing with the intent to aid the
   possessor obtain or retain possession.

4. CRIMINAL LAW—NARCOTICS—KNOWLEDGE OF PRESENCE—EVIDENCE
   —INFERENCES.
   Inference that defendant knew that marijuana was present in
   the truck which he was driving was permissible even though
   no marijuana was found in the defendant's possession where,
   according to a police informer, a shipment of marijuana was
   originally scheduled to be delivered to defendant's home, and
   defendant's companions in the truck had marijuana in their
   possession.

Appeal from Macomb, James E. Spier, J. Sub-
mitted Division 2 June 7, 1971, at Lansing. (Docket
No. 9141.) Decided July 23, 1971.

Frank Doemer, Jr., was convicted of unlawful
possession of marijuana. Defendant appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  (No reference.)
[3, 4]  25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17, 44–47.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Frank K. Penirian, Jr.,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. Defendant, Frank Doemer, Jr., was convicted of unlawful possession of marijuana (MCLA § 335.153 [Stat Ann 1957 Rev § 18.1123]). After a three-day jury trial in Macomb County Circuit Court, defendant was sentenced to 1–1/2 to 10 years in prison. He appeals as of right.

The relevant facts are these. Leroy Baker, a Fraser police officer, on information from a reliable informant that a shipment of narcotics was coming in a Volkswagen from California to defendant's parent's home, engaged in a surveillance of that home on October 15, 1969, with members of the Clinton Township Police Department. The Volkswagen never arrived, but the informant notified Baker that certain individuals would take a U-Haul truck to Ypsilanti to pick up the narcotics. At approximately 8 a. m., two unidentified individuals were seen leaving defendant's home. They were later seen picking up a U-Haul truck at a gas station on 15 Mile Road and Garfield in Macomb County and were followed back to defendant's home. Shortly thereafter, two individuals, whether they were the same individuals who had picked up the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

U-Haul is not clear, left defendant's home in the U-Haul. The police followed them to Ypsilanti where they entered an apartment building. Approximately 45 minutes later, three persons, one carrying a package, left the apartment and returned to Clinton Township in the U-Haul. The truck was stopped at 15 Mile and Garfield. The arresting officers, upon observing what appeared to them to be marijuana in a passenger's lap, arrested all three passengers for possession. Defendant Doemer was driving the truck. No narcotics were found on his person.

At trial, the judge, without objection, instructed the jury on possession and on aiding and abetting. Defendant now contends that instructing on the latter was erroneous as a matter of law. If he is right, there is a clear injustice on the record requiring reversal.

Doemer argues that he must have been convicted of aiding and abetting since he had no physical possession of narcotics. He contends this is not possible because there is no crime of aiding and abetting possession.

Defendant's contention that his lack of physical possession precludes his conviction for possession has no bearing on the result we reach. Assuming he is correct, reversal is not required if his aiding and abetting argument fails. That argument is the crux of his case.

There are no Michigan cases discussing the precise issue raised. There is California precedent, however, that one can aid and abet possession. *People* v. *Henderson* (1953), 121 Cal App 2d 816 (264 P2d 225); *People* v. *Solo* (1970), 8 Cal App 3d 201 (86 Cal Rptr 829); *People* v. *Francis* (1969), 71 Cal 2d 66 (75 Cal Rptr 199, 450 P2d 591). Defend-

ant's argument that possession is a crime of status does not convince us that California is wrong. Contrary to defendant's contention, possession is an act. *Cf. Robinson* v. *California* (1962), 370 US 660 (82 S Ct 1417, 8 L Ed 2d 758).

To aid and abet possession, one must be more than merely present. There must be criminal intent and direct or indirect acts or encouragement which aid in the perpetration of the crime. *People* v. *Francis, supra.* The act or encouragement must be done knowingly with the intent to aid the possessor obtain or retain possession. *People* v. *Henderson, supra,* provides an example of an act found sufficient to sustain such a conviction. In that case, Henderson admitted to knowingly driving his codefendant to purchase heroin. The only distinction between *Henderson* and the instant case is that Doemer has admitted nothing as to his knowledge on the drive to Ypsilanti. There was evidence, from which the jury could infer such knowledge. Originally, the shipment was to have come to his home and he admits to knowing marijuana was present on the return trip.

Since no objection was raised below, clear injustice on the whole record must be present to warrant reversal. *People* v. *Schram* (1970), 23 Mich App 91. A review of the entire record, with particular attention paid to the jury instruction, reveals no such injustice.

Affirmed.

All concurred.