PEOPLE v BRIDGES

Docket No. 43371. Submitted January 17, 1980, at Detroit.—Decided July 1, 1980. Leave to appeal applied for.

Artaway Bridges, Jr., was convicted, on his pleas of guilty, of three counts of armed robbery and one count under the felony-firearm statute, Detroit Recorder's Court, James A. Hathaway, J. The defendant was sentenced to concurrent prison terms of from four to ten years on the armed robbery convictions and to the mandatory two-year consecutive term on the felony-firearm conviction. Evidence at the guilty plea proceeding indicated that the defendant was shooting pool in a bar when two men entered with pistols and announced a stick-up. The defendant, armed with a pool cue, aided in the robbery by relieving one woman and two men of their money. The defendant then left with the two armed men and the three men divided the proceeds among themselves. There was no evidence to establish that the defendant knew the other two men or that there was any plan or prior agreement amongst the three concerning the hold-up. The defendant appeals, alleging that an insufficient factual basis existed for acceptance of his plea to the felony-firearm charge because there was no evidence that defendant ever personally possessed a firearm. Held:

The armed robbery convictions are affirmed and the felony-firearm conviction is reversed.

BRONSON, J., believed that personal possession of a firearm is necessary for conviction of felony-firearm and that conviction as an aider and abettor is not permissible. He also believed that, even if conviction as an aider and abettor were permissible, there was an insufficient factual basis in this case to support such a conviction since there was no evidence to show any act of encouragement done with intent to help the possessors of the firearm to obtain or retain possession.

M. J. KELLY, P.J., agreed with the rationale that personal

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*

[2, 3] 21 Am Jur 2d, Criminal Law §§ 119, 123.

[4] 21 Am Jur 2d, Criminal Law § 491.5.

[5] 21 Am Jur 2d, Criminal Law § 527.

[6] 73 Am Jur 2d, Statutes § 299 *et seq.*

possession is necessary for conviction of felony-firearm. He would have preferred to affirm the felony-firearm conviction without prejudice to granting the defendant the option of having his pleas set aside. He would have preferred this disposition to prevent the defendant from reaping the benefit of his negotiated sentence bargain, of which the felony-firearm conviction was an integral part.

D. C. RILEY, J., dissented. She would affirm the defendant's conviction under the felony-firearm statute. She noted that neither the aider and abettor statute nor the felony-firearm statute expressly or impliedly limits the persons encompassed by its terms. Further, punishing aiders and abettors is consistent with and supportive of the felony-firearm statute's statutory object of penalizing defendants who use firearms in the commission of felonies. She would affirm the defendant's felony-firearm conviction.

OPINION OF BRONSON, J.

1. CRIMINAL LAW — FIREARMS — FELONY-FIREARM STATUTE — POSSESSION — STATUTES.

Conviction of a defendant under the Michigan felony-firearm statute requires personal possession of a firearm (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — AIDING AND ABETTING — ELEMENTS.

*A defendant must encourage, counsel, or assist another in the commission of a crime with the intention of rendering such help and with the knowledge that the criminal act is contemplated to be convicted as an aider and abettor.*

3. CRIMINAL LAW — POSSESSORY CRIME — AIDING AND ABETTING.

*A defendant, to be convicted as an aider and abettor of a possessory crime, must perform an act or encourage the possession knowingly with the intent to aid the possessor obtain or retain possession.*

CONCURRENCE IN RESULT BY M. J. KELLY, P.J.

4. CRIMINAL LAW — DEFENDANTS — SENTENCE BARGAIN — OPTIONS.

*A defendant should not be given the option of having his plea to an invalid conviction set aside where the record is clear that a negotiated sentence bargain occurred in which the trial court agreed to sentence the defendant to four to ten years on three valid armed robbery convictions each of which exposed the defendant to a life maximum sentence.*

5. Criminal Law — Aiding and Abetting — Felony-Firearm — Statutes.

   *There is no express or implied limit to the persons encompassed by the terms of either the aider and abettor statute or the felony-firearm statute (MCL 767.39; MSA 28.979, MCL 750.227[b]; MSA 28.424[2]).*

6. Criminal Law — Aiding and Abetting — Felony-Firearm Statute — Statutes — Punishment.

   *Punishment of aiders and abettors is consistent with and supportive of the felony-firearm statute's object of penalizing defendants who use firearms in the commission of felonies.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Robert G. Yolles,* for defendant on appeal.

Before: M. J. Kelly, P.J., and Bronson and D. C. Riley, JJ.

Bronson, J. Defendant was convicted on his pleas of guilty to three counts of armed robbery, MCL 750.529; MSA 28.797, and to one count under the felony-firearm statute, MCL 750.227b; MSA 28.424(2). He was sentenced to concurrent prison terms of from four to ten years on the armed robbery convictions, and to the mandatory two-year consecutive term on the felony-firearm conviction. He now appeals as of right.

As Judge Riley's dissent notes, defendant's sole argument on appeal is that an insufficient factual basis existed for acceptance of his plea to the felony-firearm charge because there was no evidence that defendant ever personally possessed a firearm. See *Guilty Plea Cases,* 395 Mich 96, 128-

132; 235 NW2d 132 (1975), GCR 1963, 785.7(3)(a). The facts as established at the guilty plea proceeding showed that defendant was shooting pool in a bar when two men entered with pistols and announced a stick-up. Defendant, armed with his pool cue, aided in the robbery by relieving one woman and two men of their money. He then left with the two armed men and the three divided the proceeds among them. There was no evidence to establish that defendant knew the other two robbers or that there was any plan or prior agreement amongst the three concerning the hold-up.

The felony-firearm statute, MCL 750.227b; MSA 28.424(2), states in part:

"A person *who carries or has in his possession* a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years."

The question of whether a person who does not actually possess a firearm may be convicted under the statute as an aider and abettor has engendered a split in the decisions of this Court. Compare *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Walter Johnson,* 85 Mich App 654, 658-659; 272 NW2d 605 (1978), *lv gtd* 407 Mich 882 (1979), with *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), *lv gtd* 407 Mich 882 (1979). I would follow *Powell* and *Walter Johnson,* and hold that personal possession is required.[1]

I believe this result is mandated by the extraordinary nature of the felony-firearm statute. In response to the rising incidence of the use of firearms during the commission of crimes, the

---

[1] Judge KELLY's opinion also expresses approval of the rationale in *Powell* and *Walter Johnson.*

Legislature enacted a statute with a very broad
scope and additionally provided for a mandatory
two-year sentence, removed the possibility of the
sentence being served concurrently with the sen-
tence on the underlying felony, and disallowed
suspension, probation, or parole.[2] The unique char-
acteristics of the statute were recognized by the
Supreme Court in *Wayne County Prosecutor v
Recorder's Court Judge,* 406 Mich 374; 280 NW2d
793 (1979). The statute clearly speaks in terms of
personal possession. It is possession during the
course of a felony, or attempted felony, that is
required for conviction. While the aiding and abet-
ting statute[3] has been applied to a possessory
crime,[4] it has not been applied to a possessory
crime of such an extraordinary nature.

While I would premise the vacation of defen-
dant's felony-firearm conviction solely on these
grounds, I would also suggest that even if defen-
dant could be convicted as an aider and abettor,
an insufficient factual basis was established to
convict defendant as an aider and abettor of a
felony-firearm offense. The statute provides:

"Every person concerned in the commission of an
offense, whether he directly commits the act constitut-
ing the offense or procures, counsels, aids, or abets in
its commission may hereafter be prosecuted, indicted,
tried and on conviction shall be punished as if he had
directly committed such offense." MCL 767.39; MSA
28.979.

To be convicted as an aider and abettor, one must

[2] See generally, Schwartz, *Multiple Punishment for the "Same
Offense": Michigan Grapples with the Definitional Problem,* 25 Wayne
L Rev 825, 839-841 (1979).

[3] MCL 767.39; MSA 28.979.

[4] It was applied to the offense of possession of marijuana in *People v
Doemer,* 35 Mich App 149; 192 NW2d 330 (1971).

encourage, counsel, or assist another in the commission of a crime with the intention of rendering such help and with the knowledge that the criminal act is contemplated. *People v Gary Spry,* 74 Mich App 584, 594; 254 NW2d 782 (1977), *lv den* 401 Mich 825 (1977). The question of what is required for aiding and abetting a possessory crime is more problematic, as it is conceptually more difficult to assist another in possessing an item than it is to assist in doing an act. Nevertheless, this Court has held that, to be convicted as an aider and abettor of a possessory crime, "[t]he act or encouragement must be done knowingly with the intent to aid the possessor [to] obtain or retain possession". *People v Doemer,* 35 Mich App 149, 152; 192 NW2d 330 (1971).[5] Accordingly, the conviction in *Doemer* was upheld, as there was evidence from which the jury could infer that the defendant drove a codefendant to Ypsilanti for the purpose of purchasing marijuana. In *People v Tavolacci, supra,* a sufficient factual basis was said to exist because it was established that defendant had participated in a plot to kill an undercover narcotics agent. In each of these cases, there was sufficient testimony to establish that the defendant aided and abetted others in obtaining possession. In the instant case, however, the evidence falls far short of even allowing an inculpatory inference to be drawn. *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976), *Guilty Plea Cases, supra,* 130. There is no evidence that defendant had any prior knowledge that an armed robbery would occur so that it could be inferred that he encouraged, counseled, or assisted in obtaining possession of a firearm. Similarly, there is nothing in the record that tends to establish that defendant aided the others

[5] See 47 ALR3d 1236.

in the retention of their weapons during the course of the felony. Accordingly, even if personal possession was not required for a conviction under the felony-firearm statute, defendant's conviction would have to be vacated for failure to establish a sufficient factual basis to support his conviction as an aider and abettor.

Because defendant's testimony clearly established that he did not possess a firearm during the robbery, his conviction under the felony-firearm statute must be vacated for failure to establish the requisite factual basis. Alternatively, I would reverse his felony-firearm conviction for failure to establish that he aided and abetted others in the possession of a firearm in the course of a felony. His armed robbery convictions should be affirmed.

Affirmed in part and reversed in part.

M. J. Kelly, P.J. *(concurring)*. I concur in the result reached by Judge Bronson but do not approve the rationale. I would follow the rationale in *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978). I would have much preferred to affirm this defendant's convictions without prejudice to granting the defendant the option of having his pleas set aside if he preferred. The reason I would have preferred that alternative is because the record is clear that this was a negotiated sentence bargain in which the trial court agreed to sentence the defendant to four to ten years on three armed robbery charges on each of which he was exposed to a life maximum. I could not persuade either of my learned colleagues to agree to this alternative.

I concur only in the result.

D. C. Riley, J. *(dissenting)*. Defendant pled guilty

to three counts of armed robbery, contrary to MCL 750.529; MSA 28.797, and one count of felony-firearm, contrary to MCL 750.227(b); MSA 28.424(2), and was sentenced to concurrent four to ten year terms and a two year sentence respectively. He now appeals as of right.

Defendant's sole contention on appeal is that, since he never personally possessed a firearm during the robberies but merely aided and abetted those who did, he cannot be convicted under the felony-firearm statute. There is presently a split of opinion in the Court of Appeals on this issue. See *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978). With all due respect to the *Johnson* panel, I am persuaded (particularly in the wake of *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 [1979]), that *Tavolacci* should control this case, as its reasoning most closely executes the intent of the felony-firearm act. Neither the aider and abettor statute (MCL 767.39; MSA 28.979) nor the felony-firearm statute expressly or impliedly limits the persons encompassed by its terms. Further, punishing aiders and abettors is consistent with and supportive of the felony-firearm statute's object of penalizing defendants who use firearms in the commission of felonies. *Tavolacci, supra,* 474-475.

"Punishment of those who aid and abet this crime serves as a deterrence to such aiding and abetting. Consequently less persons would be likely to act as aiders and abettors. This reduction serves as additional deterrence upon the commission of the crime as well, as there are likely to be persons who are unable or unwilling to commit the offense of 'felony-firearm' without some assistance." *Id.,* 475.

In light of these considerations, I would find that the felony-firearm statute does extend to aiders and abettors like the defendant and, accordingly, would affirm.