PEOPLE v MORNEWECK

Docket No. 55014. Submitted March 5, 1982, at Lansing.—Decided
April 8, 1982.

Rhonda F. Morneweck was convicted as an aider and abettor of
armed robbery and possession of a firearm during the commis-
sion of a felony, Oakland Circuit Court, Frederick C. Ziem, J.
Defendant appeals, alleging that the firearm allegedly used in
the robbery was improperly seized at her apartment and that
the evidence was insufficient to convict her as an aider and
abettor of the offense of possession of a firearm during the
commission of a felony. *Held:*

1. The firearm was properly seized. It was in plain view when
the police entered the apartment in pursuit of an armed felon.
Admission of the firearm into evidence was not error.

2. The proofs at trial did not show that the defendant
knowingly acted with the intent to assist her accomplices in
keeping possession of the firearm. Her assistance in the robbery
and her acquiescence in the retention of the firearm after the
commission of the robbery were not sufficient to convict her of
possession of the firearm during the commission of the robbery
as an aider and abettor.

The conviction of possession of a firearm during the commis-
sion of a felony is reversed. The armed robbery conviction is
affirmed.

1. CRIMINAL LAW — EVIDENCE — PLAIN VIEW.

Evidence which is in plain view and is discovered inadvertently
by the police while they are in pursuit of an armed felon may
properly be seized and admitted into evidence at trial.

2. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

Proof that a defendant knowingly assisted in a felony involving

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures § 88.
Observation of objects in "plain view"—Supreme Court Cases. 29 L
Ed 2d 1067.
[2] 21 Am Jur 2d, Criminal Law § 167.
79 Am Jur 2d, Weapons and Firearms § 15.

the use of a firearm or acquiesced in an accomplice's retention of the firearm after the completion of the felony is not sufficient to convict the defendant of aiding and abetting the offense of possession of a firearm during the commission of a felony; in order to convict a defendant of aiding and abetting the possession of a firearm during the commission of a felony it must be shown that the defendant knowingly performed some act or encouragement with the intent to assist the defendant's accomplice in keeping possession of the firearm.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James A. Cherry,* Assistant Prosecuting Attorney, for the people.

*David S. Anderson,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of aiding and abetting an armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). She now appeals by right and raises two issues.

Defendant claims error in the trial court's denial of her motion to suppress evidence seized from her apartment. We find no error in the trial court's ruling. The police were in pursuit of an armed felon and there was probable cause to believe that the felon was in the defendant's apartment. We agree that exigent circumstances existed which justified the warrantless search. The evidence seized was in plain view and discovered inadvertently while in pursuit of an armed suspect. Its seizure was legitimate. *Coolidge v New*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971).

At the close of the prosecution's proofs, defendant moved for a directed verdict of acquittal on the felony-firearm count. This motion was denied as was a motion for judgment notwithstanding the verdict following conviction. The firearm allegedly used in the armed robbery was discovered during the subsequent search of defendant's apartment. The people argue that the jury could reasonably infer that defendant aided and abetted the retention of the firearm used in the robbery because defendant drove the getaway vehicle and because she shared control of the apartment in which the firearm was found. We disagree. Proof that defendant knowingly assisted in a felony involving a firearm is not sufficient evidence upon which to convict her of aiding and abetting possession of a firearm during the commission of a felony. To convict this defendant of so aiding and abetting, it must have been shown that she knowingly performed some act or encouragement with the intent to assist her accomplices in keeping possession of the firearm. *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981). In *People v Doemer,* 35 Mich App 149, 152; 192 NW2d 330 (1971), this Court, relying on *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969), stated:

"To aid and abet possession, one must be more than merely present. There must be criminal intent and direct or indirect acts or encouragement which aid in the perpetration of the crime. *People v Francis, supra.* The act or encouragement must be done knowingly with the intent to aid the possessor [to] obtain or retain possession."

The discovery of the handgun in the apartment

defendant shared with a codefendant is likewise insufficient to show that defendant aided in the retention of a firearm. The presence of the handgun in the apartment may show that she acquiesced in the retention of the handgun, but it does not show that she acted to assist in or encourage the retention of the firearm, particularly when one of the robbers shared the apartment and thus may have been responsible for the handgun's presence. We also read *Johnson, supra,* to require that the retention of the firearm occur during the felony. The felony here must have ended when the robbers concluded their escape and reached the apartment. The defendant's involvement with the firearm at the apartment, therefore, occurred after the felony was concluded. For this additional reason, we are persuaded that the evidence did not establish that this defendant aided and abetted in the possession of a firearm in the commission of a felony.

Accordingly, we reverse her conviction on that charge. Defendant's conviction of armed robbery is affirmed.