**Larry L. SELBY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–1525.**

District of Columbia Court of Appeals.

Submitted Sept. 26, 1985.

Decided Dec. 11, 1985.

Steven R. Kiersh, Washington, D.C., for appellant.

Patricia L. Petty, Asst. U.S. Atty., with whom Joseph diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, NEWMAN, and ROGERS, Associate Judges.

PER CURIAM:

Appellant appeals his conviction as an aider and abettor of a single count of pos-

session of heroin, D.C.Code § 33–541(d) (1984 Supp.) following a trial by the court. He contends that the trial court erred in finding him guilty as an aider and abettor because the court found that he did not actually or constructively possess the heroin. We affirm.

Appellant does not dispute that a sale of heroin occurred. The evidence was uncontradicted that while sitting in the front passenger seat of a car, he had made the initial contact with a woman who then spoke to the seller. The seller then handed the heroin to the driver of the car and took the pooled currency from appellant, who along with the driver, had taken money from his pocket to pay for the drugs. The heroin was found between appellant and the driver; specifically the drugs were concealed between the driver's seat and the console in the center of the car.

To convict of aiding and abetting in possession of narcotics, the government is not required to show that a defendant was in constructive possession of the drugs. *United States v. Raper,* 219 U.S. App.D.C. 243, 252, 676 F.2d 841, 850 (1982). In rejecting Raper's contention that his conviction for possession with intent to distribute narcotics had to be reversed because the government had failed to show that he was in actual or constructive possession of the seized drugs, the United States Court of Appeals for the District of Columbia Circuit viewed his argument that "one cannot aid and abet another's possession of a controlled substance" as "overly literal," and an argument which "ignores the breadth of the aiding and abetting statute and the many decisions applying it." *Id.* at 252, 676 F.2d at 850. Since the evidence in the instant case showed that appellant affirmatively participated so that the driver was able to obtain possession of the seized heroin, the government met its burden of proof. *Id.; see also United States v. Staten,* 189 U.S.App.D.C. 100, 108–09, 581 F.2d 878, 886–87 (1978); *People v. Henderson,* 121 Cal.App.2d 816, 264 P.2d 225, 226 (1953) (conviction of possession of

heroin as aider and abettor upheld where defendant admitted taking another to purchase drugs); *see generally* Annot., "Offense of Aiding & Abetting Illegal Possession of Drugs or Narcotics," 47 A.L.R.3d 1239 (1973); *cf. Harris v. United States,* 430 A.2d 536, 540 n. 6 (D.C.1981).

Appellant's reliance on *Mack v. United States,* 326 F.2d 481 (8th Cir.), *cert. denied,* 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309 (1964), is misplaced. That case involved a statutory presumption which required the defendant to explain possession of a narcotic drug to "the satisfaction of the jury." 21 U.S.C. § 174 (1972). The presumption was repealed, as noted in *Raper, supra,* 219 U.S.App.D.C. at 253 n. 1, 676 F.2d at 851 n. 1, and none is involved here. The other cases relied on by appellant are appropriately distinguished in *Raper,* 219 U.S.App.D.C. 252–54 n. 1, 676 F.2d at 850–52 n. 1 (distinguishing *United States v. Jackson,* 526 F.2d 1236 (5th Cir.1976), and *United States v. Longoria,* 569 F.2d 422 (5th Cir.1978)).

*Affirmed.*