Robert H. SHORTER, Appellant,

v.

UNITED STATES, Appellee.

No. 85–120.

District of Columbia Court of Appeals.
Submitted Feb. 20, 1986.
Decided March 28, 1986.

Thomas R. Kennedy, Washington, D.C., was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., Diane G. Clarke, and David H. Saffern, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEBEKER, TERRY, and STEADMAN, Associate Judges.

NEBEKER, Associate Judge:

Appellant was indicted on two counts of possession with intent to distribute a controlled substance (phencyclidine and marijuana) in violation of D.C. Code § 33–541(a)(1) (1985 Supp.). Following a jury trial, he was found guilty as charged. On appeal, he contends that the evidence was insufficient to identify one of the substances in his possession as phencyclidine (PCP). He also claims that the evidence was insufficient to prove his intent to distribute. We affirm.

On October 7, 1983, near the 1100 block of First Place, N.W., appellant was observed standing on the sidewalk leaning into a car. Shortly thereafter, he was seen displaying a tin foil packet to two other persons. Upon seeing an approaching police officer, appellant ran away from the officer, towards a walkway leading out of the block. Finding his escape route blocked by another officer, appellant stopped and opened his hand to reveal a foil packet. Without prompting from either officer, appellant said, "It is only marijuana." A search of appellant revealed a medicine bottle which contained an additional fourteen tin foil packets.

The fifteen foil packets were placed in a lock-seal envelope and transmitted to the Drug Enforcement Administration (DEA) for analysis. A report was completed by forensic chemist Meade R. Drumgold. Drumgold certified that, having employed "reliable analytical methods," he had determined that the fifteen packets recovered from appellant contained PCP and marijuana.

On July 25, 1984, four months prior to trial, the government informed appellant that it intended to rely upon Drumgold's report rather than call him to testify at trial. The government provided counsel with a copy of the report so that appellant could subpoena Drumgold to testify.

At trial, a notarized certificate of compliance and Drumgold's report were admitted into evidence without objection. In addition, the government presented expert testimony that fifteen foil packets of marijuana laced with PCP is far in excess of what one would normally possess for personal use.

■ Appellant contends that the evidence was insufficient to identify one of the substances in his possession as PCP. Specifically, appellant argues that the prevalence of new so-called "designer drugs," which closely mimic PCP, has eliminated the means of effectively identifying PCP with normal laboratory tests. Therefore, he argues, the DEA report, which fails to specify the tests performed to identify the substance in his possession, is insufficient proof that one substance was indeed PCP. We disagree.

When properly certified, a chemist's report is competent evidence to show the results of a chemical analysis of a particular substance. D.C. Code § 33–556 (1985 Supp.). Admission of the report into evidence does not preclude a defendant from inquiring into the reliability of the testing procedure or the qualifications of the chemist. *Id.; Howard v. United States*, 473 A.2d 835, 839 (D.C.1984).

■ Appellant had a copy of the chemist's report four months prior to trial. He did not, however, subpoena the chemist to testify. The certificate of compliance and the report were admitted into evidence without objection. The certificate states only that "reliable analytical methods" were utilized to identify the substances in appellant's possession. Without the chemist's testimony, it is impossible to know what those methods were. Thus, the various tests that appellant now states should have been utilized may well have been performed. In addition, appellant failed to call his own expert to explain why the report was insufficient proof of the presence of PCP, and presented no other evidence which called into question the reliability of

the chemist's report. Appellant thus failed to create a record demonstrating error. We will not speculate as to possible deficiencies in the chemical analysis performed here where those deficiencies are raised for the first time on appeal. Accordingly, the report was sufficient evidence to show that one of the substances possessed by appellant was PCP. D.C. Code § 33–556 (1985 Supp.).

█ Appellant also argues that the evidence was insufficient to show that he possessed the marijuana and PCP with the intent to distribute. We disagree.

The government's evidence showed that appellant was seen displaying a tin foil packet to two individuals at First Place, N.W. As a police officer approached, appellant ran away from the officer, only to find his escape route blocked by another police officer. Appellant then stopped and held out the foil packet, stating, "It is only marijuana." A subsequent search of appellant revealed fourteen additional foil packets containing marijuana and PCP. The fifteen packets contained approximately seven times the amount of marijuana and PCP that an individual would normally buy for his or her own personal use.

A quantity of a drug that exceeds a reasonable supply for personal use is significant evidence of an intent to distribute. *United States v. Raper*, 219 U.S.App.D.C. 243, 247, 676 F.2d 841, 845 (1982). Appellant's possession of fifteen individually packaged quantities of marijuana and PCP, in conjunction with the eyewitness observations of the police officer, provide a firm basis from which a reasonable juror could conclude that appellant possessed the narcotics with an intent to distribute. *Id.* Bearing in mind the jury's right to determine the credibility of witnesses, and draw reasonable inferences from their testimony, *Murchison v. United States*, 486 A.2d 77, 81 (D.C.1984), we find no error.

*Affirmed.*