De Ester M. GREER, Appellant,

v.

UNITED STATES, Appellee.

No. 90–563.

District of Columbia Court of Appeals.

Submitted Nov. 26, 1991.
Decided Dec. 30, 1991.

---

**1.** *See, e.g., Brown, supra,* 546 A.2d at 395 (constructive possession of contraband based on evidence of joint criminal activity).

Dolores C. McCartney, appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher and P. Kevin Carwile, Asst. U.S. Attys., were on the brief for appellee.

Before TERRY and WAGNER, Associate Judges, and GALLAGHER, Senior Judge.

TERRY, Associate Judge:

Appellant was convicted of possession of cocaine with intent to distribute it (PWID).[1] On appeal she contends that the evidence was insufficient to support her conviction. We disagree and, accordingly, affirm.

The evidence[2] showed that a group of police officers executed a search warrant at appellant's apartment. After a few of them stationed themselves outside the apartment building to watch for any articles that might be thrown from a window, the remaining officers entered the apartment and went quickly into all the rooms. They found appellant standing in the middle of one of the bedrooms and two other persons, described by one witness as "Hispanic juveniles from New York," standing next to the window, with their hands outside the window. When the officers entered the room, appellant immediately ran into a closet and tried to hide under a pile of clothing, but the police followed her and placed her under arrest, along with the two juveniles. In the same closet the police discovered a quantity of empty plastic zip-lock bags, vials, and vial caps. Elsewhere in the bedroom they found several pipes, of a type commonly used to smoke crack cocaine, lying on the dresser in plain view. In a search incident to the arrest, the officers found $422 in cash in the pocket of one of the juveniles. The officers waiting outside saw two plastic bags being thrown out the window of that bedroom, which they retrieved, and two persons standing together at that window. The two plastic bags contained a total of fifty-five small packets of cocaine base (crack). This was the cocaine that was the subject of the charges against appellant.[3] Finally, a defense witness testified that she was visiting appellant in her apartment when the two juveniles arrived, and that appellant immediately left the room and went into another room (the bedroom where she was arrested) with the juveniles.

At trial the government relied on separate theories of constructive possession and aiding and abetting. We agree with appellant that the evidence was not sufficient to convict on a theory of constructive possession. There was no evidence from which a reasonable trier of fact could find that appellant was in a position to exercise dominion or control over the cocaine that the juveniles threw out the window—in the classic statement of the applicable rule, no evidence that she "had some appreciable ability to guide the destiny of the drug." *United States v. Staten,* 189 U.S.App.D.C. 100, 105, 581 F.2d 878, 883 (1978) (footnote omitted), quoted with approval in *United States v. Hubbard, supra,* 429 A.2d at 1338; *see, e.g., Bernard v. United States,* 575 A.2d 1191, 1195 (D.C. 1990). "Although the circumstances were suspicious," there was no proof that appellant "had any personal role in the handling of the cocaine or in the distribution for

---

1. D.C.Code § 33–541(a)(1) (1988).

2. We view the evidence, as we must, in the light most favorable to the government. *United States v. Hubbard,* 429 A.2d 1334, 1337–1338 (D.C.) (citing cases), *cert. denied,* 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1981); *Byrd v. United States,* 388 A.2d 1225, 1229 (D.C.1978) (citing cases).

3. Appellant's co-defendant, Olin Byrd, was arrested in another bedroom. The evidence showed that he too threw a plastic bag from a window, and that that bag also contained several smaller packets of crack cocaine. He was charged with PWID but was found guilty of the lesser included offense of simple possession of cocaine. Byrd has not appealed from his conviction.

which it had obviously been prepared." *In re T.M.*, 577 A.2d 1149, 1153 (D.C.1990). At most, the evidence showed that others came to her apartment to sell drugs, with her permission, but there was no proof that she had any connection with the drugs themselves, specifically the drugs that the two juveniles threw out the window which formed the basis of the indictment against her.

 But that is *not* the end of the case. The government proceeded against appellant on an alternative theory of aiding and abetting, and the jury was instructed on the legal principles relevant to that theory. We are satisfied that a reasonable juror could find from the evidence that appellant facilitated, and therefore aided and abetted, the possession of cocaine by others with intent to distribute it.[4] The evidence of intent to distribute was abundant—the individual packaging of the cocaine in small packets[5] and the presence of drug-distributing paraphernalia in the closet where appellant was hiding. The government need not establish that appellant possessed the drugs herself, either actually or constructively, in order to prove that she aided and abetted someone else in doing so. *Selby v. United States*, 501 A.2d 800 (D.C.1985). Nor is this a case of "mere presence," which is usually not enough to prove guilt as an aider and abettor.[6] Appellant's presence at the scene is not what makes her an aider and abettor.

The critical element of the government's proof is the fact that appellant made her apartment available to others for the intended distribution of cocaine. That was enough to make her an aider and abettor of possession with intent to distribute, even though the evidence did not establish that she had either actual or constructive possession of the drugs thrown from the window. *See United States v. LaGuardia*, 774 F.2d 317, 319–320 (8th Cir.1985) (defendant was lessee of apartment where cocaine, weapons, a large amount of cash, and scales for weighing drugs were found by officers executing search warrant; evidence held sufficient to convict her of aiding and abetting co-defendant, with whom she shared apartment, in possession of cocaine with intent to distribute); *United States v. Harris*, 140 U.S.App.D.C. 270, 285, 435 F.2d 74, 89 (1970) (fact that appellant's apartment was used as a meeting place for robbers and hiding place for loot, together with use of appellant's gun in robbery and his car as getaway vehicle, "very persuasively support[ed]" the inference that appellant provided assistance to the robbers" and was therefore an aider and abettor), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 152 (1971); *cf. United States v. Medina*, 887 F.2d 528, 532 (5th Cir.1989) (evidence that defendant drove pickup truck which led drug-laden van out of darkened area, thereby "contribut[ing] to the execution of the illegal possession" of the drugs in the van, held sufficient to sustain conviction as aider and abettor of possession with intent to distribute).

The judgment of conviction is therefore *Affirmed.*

---

4. When the government proceeds against a defendant alternatively as a principal or as an aider and abettor, the jury may return a general verdict of guilty without specifying which theory it accepts. *Tyler v. United States*, 495 A.2d 1180, 1182 (D.C.1985) ("it was unnecessary for the jury to agree" on whether defendant was principal or aider and abettor, because "there was only one burglary at issue"); *see United States v. North*, 285 U.S.App.D.C. 343, 410–411, 910 F.2d 843, 910–911, *modified on other grounds*, 287 U.S.App.D.C. 146, 920 F.2d 940 (1990), *cert. denied*, — U.S. ——, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991).

5. *Shorter v. United States*, 506 A.2d 1133, 1135 (D.C.1986).

6. "Mere presence at the scene of the crime, without more, is generally insufficient to prove involvement in the crime ... but it will be deemed enough 'if it is intended to [aid] and does aid the primary actors.'" *Settles v. United States*, 522 A.2d 348, 357 (D.C.1987) (citations omitted).