KELLY, C.J.
(dissenting). I respectfully dissent. In my view, defendant performed no act and gave no encouragement that assisted the delivery of heroin by Harold Spencer to Tracy Corson. Therefore, probable cause was lacking for a critical element necessary to support a conviction under an aiding and abetting theory. I would affirm the judgment of the Court of Appeals.
I agree with the majority opinion’s recitation of the facts and the applicable legal standard that must be satisfied to support a conviction for aiding and abetting. That standard requires that probable cause exist to support the following elements of a crime before a defendant may be bound over on a charge of aiding and abetting the crime:
“(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. ”[1]
*67 The majority is also correct that a “delivery” of narcotics requires both a deliverer and a recipient. I do not agree, however, that this fact commands the conclusion that “a defendant who assists either party to a criminal delivery necessarily aids and abets the deliverer’s commission of the crime because such assistance aids and abets the delivery.”[2] Rather, aiding and abetting requires that there be some “assistance given to the perpetrator of a crime by words or deeds that are intended to encourage, support, or incite the commission of that crime.”[3] I therefore disagree with the majority that “the crux of the appropriate inquiry is whether defendant aided and abetted the delivery itself by assisting any party to that transaction.”[4] Indeed, the language quoted from People v Moore belies such a conclusion.
Under the standard elucidated in Moore, two key pieces of evidence are lacking here. First, defendant gave no assistance to Spencer, the actual perpetrator of the delivery offense. Second, the “deeds” in which defendant engaged to encourage the commission of a crime were directed solely to Corson’s crime of possession, not Spencer’s delivery offense.
Under the majority’s analysis, any third party who assists in a drug transaction may be charged with delivery of those drugs under an aiding and abetting theory. This conclusion is overly broad. What conduct is left to support a charge of possession of a controlled substance under an aiding and abetting theory? In my view, today’s decision renders such a charge obsolete, as the prosecution may always charge someone who aids and abets possession *68 with aiding and abetting the delivery of the controlled substance. Thus, it is the majority rather than the dissent that conflates the crimes of delivexy and possession.
Illustrating this point is the fact that “possession” of a controlled substance and “delivery” of that substance are distinct offenses. The prescribed punishment for each offense is outlined in great detail in the applicable statutes.[5] Therefore, it is contrary to those statutes to allow all aiders and abettors of the offense of possession of drugs to be charged as aiders and abettors of the delivexy.
Defendant indisputably participated in and encouraged the commission of a crime: namely, Corson’s possession of the heroin. But he did nothing to encourage or assist the commission of the crime that he was charged with aiding and abetting: Spencer’s delivery of the heroin to Corson.
People v Doemer[6] is also informative on this point. In Doemer, the defendant was charged with possession of marijuana under an aiding and abetting theory. The Court of Appeals concluded that, to uphold the conviction, “[t]he act or encouragement must be done knowingly with the intent to aid the possessor [to] obtain or retain possession.”[7] Defendant’s acts in this case fall squarely within this language and fully support a charge of possession of heroin under an aiding and abetting theory.
Therefore, I believe the Court of Appeals coxrectly affirmed the circuit court’s order quashing the bindover. Accordingly, I would affirm the judgment of the Court of Appeals.
CAVANAGH and HATHAWAY, JJ., concurred with KELLY, C.J.

 People v Moore, 470 Mich 56, 67-68; 679 NW2d 41 (2004), quoting People v Carines, 460 Mich 750, 768; 597 NW2d 130 (1999).

 Ante at 62.

 Moore, 470 Mich at 63, citing People v Palmer, 392 Mich 370, 378; 220 NW2d 393 (1974) (emphasis added). Palmer similarly held that the term “ ‘aiding and abetting’ is used to describe all forms of assistance rendered to the perpetrator of a crime.” Palmer, 392 Mich at 378 (emphasis added).

 Ante at 65 (emphasis omitted).

 See, e.g., MCL 333.7401 and MCL 333.7403.

 People v Doemer, 35 Mich App 149; 192 NW2d 330 (1971).

 Id. at 152.