# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN WESLEY POBLETTE,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2015

No.  321376
Wayne Circuit Court
LC No.  13-009254-FH

Before:  RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of three counts of armed robbery, MCL 750.529, carrying a concealed weapon, MCL 750.227, organized retail crime, MCL 752.1084, and three counts of felonious assault, MCL 750.82.  Defendant was sentenced to 7 to 15 years' imprisonment for each of the armed robbery convictions, one to five years' imprisonment for the carrying a concealed weapon conviction, one to five years' imprisonment for the organized retail crime conviction, and one to four years' imprisonment for each of the felonious assault convictions.  This case arises from defendant aiding and abetting Geoffrey Moore[1] in the armed robbery of a Walmart store.  We affirm.

Moore and defendant had a plan of committing a retail fraud and defendant admitted the same to police officers.

Defendant argues that the trial court's verdict was inconsistent.  We disagree.  "[A] trial judge sitting as the trier of fact may not enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (quotation marks and citation omitted).  The question of whether there was an inconsistent verdict is a constitutional issue that this Court reviews de novo. *People v. Russell*, 297 Mich. App. 707, 722; 825 N.W.2d 623, 632 (2012).

The trial court did not render an inconsistent verdict by finding defendant guilty of aiding and abetting armed robbery and felonious assault, but acquitting him of aiding and abetting possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  To

---

[1] It does not appear that Moore has filed an appeal.

-1-

convict a defendant of aiding and abetting a crime, a prosecutor must establish the following elements:

> (1) [T]he crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement.

*People v Carines*, 460 Mich 750, 768; 597 NW2d 130 (1999). There is nothing in the statute to suggest that the rule should apply differently to different crimes. *People v Moore*, 470 Mich 56, 67; 679 NW2d 41 (2004). However, the trial court was consistent in finding the defendant guilty of armed robbery and felonious assault but not guilty of felony-firearm because each charge required a separate application of that rule.

As for defendant aiding and abetting in the commission of the armed robbery, all three of the elements under an aiding and abetting theory were met. "[T]he elements of armed robbery are (1) an assault, (2) a felonious taking of property from the victim's presence or person, and (3) while the defendant is armed with a weapon described in the statute." *People v Rodgers*, 248 Mich App 702, 707; 645 NW2d 294 (2001) (quotation marks and citation omitted). The crime charged, armed robbery, was committed by Moore. Defendant performed acts and gave encouragement that assisted in the commission of the felony. Defendant drove Moore to the Walmart store and waited outside in the parking lot for Moore to complete the crime. Defendant left the back hatch of the truck open for Moore to get into once he came outside and then drove Moore away from the Walmart store as Moore was fleeing from security officers. At the time defendant gave aid and encouragement, there is proof that defendant intended the commission of the crime or knew that Moore was going to commit the crime. Defendant admitted to the plan of committing the retail fraud with Moore in a written statement to the police. Furthermore, there is circumstantial evidence that defendant knew Moore was armed. Defendant indicated in his statement to police that he knew Moore was on parole, and the defendant made statements about knowing what the "dude" is and what type of things he was up to and involved in.

As for aiding and abetting the commission of felonious assault, all three of the elements were met as well. "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Moore committed the crime charged of felonious assault. Defendant performed acts or gave encouragement that assisted the commission of the crime. Again, defendant waited outside in the parking lot for Moore to complete the crime. Defendant left the back hatch of the truck open for Moore to get into once he came outside. Defendant knew of the crime intended at the time he provided aid and encouragement. Defendant also knew that Moore was on parole.

After careful consideration of all the facts and circumstances in this case, the trial court determined that defendant had knowledge that Moore was armed with a firearm when Moore went into the Walmart store. Again, the circumstantial evidence establishes that defendant was aware of Moore's person and involvement in criminal activity. The court found this knowledge sufficient to satisfy the third element of aiding and abetting when it came to armed robbery and

felonious assault. The court ruled that "the crime alleged was a natural and probable consequence of the commission of the crime intended (retail fraud)." Defendant argues that this reasoning should have satisfied the third element of aiding and abetting felony-firearm as well. However, in addition to the third element, elements one and two must be satisfied.

"The elements of felony-firearm are that the defendant possessed a firearm during the commission or attempt to commission of a felony." *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996). "Under the aiding and abetting statute, MCL 767.39, the correct test for aiding and abetting felony-firearm in Michigan is whether the defendant 'procures, counsels, aids, or abets in [another carrying or having possession of a firearm during the commission or attempted commission of a felony]'." See *Moore*, 470 Mich at 70. For aiding and abetting felony-firearm, the prosecutor must demonstrate that the defendant specifically aided the commission of the felony-firearm. The prosecutor must show the following:

> (1) [T]hat a violation of the felony-firearm statute was committed by the defendant or some other person, (2) that the defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and (3) that the defendant intended the commission of the felony firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement.

*Id*. at 70-71.

As for felony-firearm, the trial court found that all of the elements for aiding and abetting were not met. There is proof that there was a violation of the felony-firearm statute by Moore. However, there is no proof that defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation. While the court determined that the evidence proved beyond a reasonable doubt that defendant was aware that Moore was armed with a firearm when he went into the Walmart store, being aware is different from encouraging, assisting, or giving aid. "Proof that defendant knowingly assisted in a felony involving a firearm is not sufficient evidence upon which to convict her of aiding and abetting possession of a firearm during the commission of a felony." *People v Morneweck*, 115 Mich App 156, 158; 320 NW2d 327 (1982). To have aided and abetted the felony-firearm, defendant must have been more than merely present. *Id*. "The act or encouragement must be done knowingly with the intent to aid the possessor [to] obtain or retain possession." *Id*. (citation omitted).

The trial court reasonably found that defendant did not actively incite, encourage, or motivate Moore to use the weapon. Defendant did not actually possess the weapon himself. Our Supreme Court held in *Moore* that the defendant in that case encouraged and assisted the principal's possession of the firearm by specifically relying on that possession to intimidate his own robbery victim and by specifically ensuring that the principal would be able to successfully enter and exit the scene of the crime while carrying the firearm. *Moore*, 470 Mich at 71. This was sufficient evidence to support the felony-firearm conviction. *Id*. at 74. In the present case, defendant never had possession of the gun himself or told Moore to use it. "It must be determined on a case-by-case basis whether the defendant performed acts or gave encouragement that assisted in the carrying or possession of a firearm during the commission of a felony." *Id*. at 71 (quotation marks and citations omitted).

In summary, the trial judge repeatedly indicated that he had reviewed the *Moore* case in considering aiding and abetting with regard to felony firearm. That case provides that "ordinary" aiding-and-abetting principles apply to felony firearm and that "nothing in the aiding and abetting statute suggests that it should apply differently to a possessory offense than to any other crime." *Id.* at 67. This does not mean, however, that whenever aiding and abetting an offense where the principal possessed or used a weapon is shown it is thereby automatically proven that the accused aided and abetted felony firearm:

> The correct test for aiding and abetting felony-firearm in Michigan is whether the defendant "procures, counsels, aids, or abets in [another carrying or having possession of a firearm during the commission or attempted commission of a felony]." The prosecutors must do more than demonstrate that defendants aided the commission or attempted commission of the underlying crimes (here murder and robbery). Rather, the prosecutors must demonstrate that defendants specifically aided the commission of felony-firearm. *Id.* at 70-71.

It is thus not inconsistent for a trial judge to conclude, as the trial court did here, that use of a firearm by a codefendant was a natural and foreseeable consequence of the crime, while also finding that defendant did not "procure, counsel, aid, or abet" the codefendant in "carrying or having possession of a firearm during the commission or attempted commission of a felony." In other words, it is entirely possible for someone to *expect* an outcome without doing anything specifically to bring that outcome about.[2]

Defendant did not perform acts or give encouragement that assisted in Moore carrying or possessing the firearm during the commission of the felony.

Affirmed.


/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens

---

[2] Of course, merely expecting an outcome may be sufficient for liability under some circumstances, and we do not purport to enumerate what those circumstances might be. For example, liability for a general intent crime follows if a prohibited result is "reasonably expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result." *People v Lerma*, 66 Mich App 566, 569-570; 239 NW2d 424 (1976). The trial judge here clearly found no relevant voluntary act to have occurred.

-4-